CITY OF ASHLAND, Appellant, vs. WISCONSIN CENTRAL RAILWAY COMPANY and others, Respondents.

*March 13—April 1, 1902.*

*Appeal and error: Conclusiveness of record: Pleading: Pendency of prior action: Statutory denial of allegations of answer: Striking cause from calendar: Practice.*

1. An order striking the cause from the calendar was based on the files and records in the action, certified to be all returned with the record on appeal. Such files and records showed that the defendant's answer alleged, among other defenses, that a prior action was pending in the federal court between the plaintiff and defendants' privies in title, involving the determination of the same controversy. When the present action was regularly called for trial, the defendants appeared specially and moved to strike the cause from the calendar because such previous action was pending undetermined, and the motion was granted. It did not appear from the record that any proof was made in the trial court of the truth of such allegations of the answer, nor that those facts were admitted by the plaintiff, nor that the answer was used as an affidavit. There was no bill of exceptions. *Held*, under sec. 2667, Stats. 1898, that the new matter set up in the answer,—not pleaded as a counterclaim—was denied and avoided without formal reply, and, in the absence of proof supporting such allegations, it was error to grant the motion.

2. In such case the plaintiff is entitled to rest on his statutory reply and insist that the issue raised be tried regularly as other issues of fact are tried.

APPEAL from an order of the circuit court for Ashland county: GEO. W. BURNELL, Judge. *Reversed.*

This is a companion case to the case of *Ashland v. Whit-*

*comb, ante,* p. 99, 89 N. W. 886. The present action is an
action in equity commenced May 29, 1901, to compel the re-
moval of certain obstructions from Second Avenue West, a
public street in the city of Ashland, and to enjoin any further
obstructions therein. The *Wisconsin Central Railway Com-
pany* is a domestic corporation, and is alleged to be the suc-
cessor in interest of the Wisconsin Central Railroad Com-
pany. The defendant railway company appeared and an-
swered. The answer contained certain denials and certain
allegations showing the previous vacation of the supposed
street. It further contained a separate defense stating, in
substance, that in the year 1893 the Wisconsin Central Rail-
road Company, the predecessor of the answering defendant,
was insolvent, and in a certain action in equity pending in the
United States circuit court for the Eastern district of Wis-
consin all of its property was turned over by said court to
Whitcomb and Morris as receivers; that on the 26th of July,
1897, an action was brought by the plaintiff herein against
said receivers in their official capacity to compel the removal
of certain obstructions from Fourth Avenue West, which was
alleged to be a public street in said city; that said action was
removed to, and is now pending in, the United States circuit
court for the Western district of Wisconsin, and that about
the 25th day of August, 1900, the said officers filed a cross
bill in said action wherein they alleged the vacation by the
city of certain streets, including both Second and Fourth av-
enues, and prayed that the rights of the parties in said street
be adjudged, and that said United States court assumed juris-
diction of said cross bill, and that pursuant to due process the
city appeared and demurred to the same; that said action is
still pending and unadjudicated in said court; and that there-
by exclusive jurisdiction of all matters at issue in this action
has been assumed by said United States court. The defend-
ant the *Armour Packing Company* appeared and answered,
admitting that it occupied a building upon the lands which

are claimed to be a street in this action, and alleging that it occupied the same as tenant only of the *Wisconsin Central' Railway Company*. This action was noticed for trial, and, being reached upon the calendar, the following proceedings took place, as recited in the order of the court:

"The above-entitled action coming on for trial upon due notice thereof, Dillon & Colignon and Tomkins & Tomkins, attorneys for the plaintiff, appeared, and moved the said cause for trial; and Thos. H. Gill, Esq., attorney for said defendants the *Wisconsin Central Railway Company* and the *Armour Packing Company,* appearing specially therefor, moved' the court to strike the above-entitled action from the calendar for the reason that an action is pending in the United States circuit court for the Western district of Wisconsin, wherein the same issues are pending, and that said United States circuit court has jurisdiction thereof: Now, upon all the files and records in the above-entitled action, and on motion of Thos. H. Gill, Esq., attorney for said defendants the *Wisconsin Central Railway Company* and the *Armour Packing Company,* it is hereby ordered that the above-entitled action be, and the same is hereby, stricken from the calendar for the reason that the said United States court has assumed jurisdiction and retains said action."

From this order the plaintiff appeals.

For the appellant there were briefs by *M. E. Dillon,* attorney, and *Dillon & Colignon* and *Tomkins & Tomkins,* of counsel, and oral argument by *F. J. Colignon* and *W. M. Tomkins.*

For the respondents there was a brief by *Howard Morris* and *Thos. H. Gill,* and oral argument by *Mr. Gill.*

WINSLOW, J.    There is no bill of exceptions in the case. The order striking from the calendar was based upon the files and records in the action, which are certified to be all here. Those files and records simply show that the city brought an action to compel the removal of obstructions from an alleged' street, and that the railroad company answered, alleging,

among other defenses, that a prior action was pending in the
United States court between the plaintiff and the defendants,
privies in title, involving the determination of the same con-
troversy; that when the present action was regularly called for
trial the defendant railway company appeared specially,
and moved to strike the cause from the calendar, for the
reason that said previous action was pending undetermined,
and the motion was granted.

It does not appear that any proof was made in the trial
court of the truth of the allegation in the answer that another
action involving the same controversy was pending between
the parties, nor does it appear that the fact was admitted by
the plaintiff, nor that the answer was used as an affidavit upon
the motion. It seems simply to have been a motion made
upon the pleadings as such. Under our practice, the new
matter set up in the answer, not being pleaded as a counter-
claim, was deemed to be denied or avoided without formal
reply. Stats. 1898, sec. 2667. Therefore, when the case was
called for trial, the defendants' answer of another action
pending was, in legal effect, met by a sufficient reply either by
way of denial or avoidance. For all that appears in the rec-
ord, the plaintiff stood upon such reply, and was ready for
trial of the issue. We do not understand that, when a plaintiff
is met by the answer of another action pending, such answer
is assumed to be true, or that the plaintiff is required to admit
its truth, or file affidavits to the contrary, in order to defeat a
motion to strike the case from the calendar made at the open-
ing of the trial. Of course, he may admit its truth if he
chooses, or consent that the motion be heard and decided upon
the answer used as an affidavit, but he is entitled to rest upon
his statutory reply, and insist that the issue raised be tried
regularly as other issues of fact are tried. There is nothing
in the record to show that he made any admission or consented
to anything but a regular and orderly trial of the case. Under
such circumstances, an order striking the cause from the cal-

endar, merely because it was alleged that a previous action was pending between the parties, was clearly erroneous. The question of the appealability of the order is sufficiently treated in the case of *Ashland v. Whitcomb, ante,* p. 99, 89 N. W. 886.

*By the Court.*—Order reversed, and action remanded for further proceedings according to law.