The Dahlonega Company, Limited, *v.* The Frank W. Hall Merchandise Company.

1. Under no statute of the United States can an alien defendant remove a cause from the State court to the circuit court of the United States upon the ground of prejudice or local influence.
2. Counsel for an alien corporation admitting that an order of removal passed by the circuit court of the United States was based upon a petition setting forth that the petitioner was an alien, and no copy of the petition being produced, the order of removal was no obstacle to proceeding in the superior court to a trial of the case, inasmuch as the order based upon such petition would be void on its face, the circuit court having no jurisdiction to pass it.

December 28, 1891.

Removal of causes. United States courts. Jurisdiction. Aliens. Before Judge Wellborn. Lumpkin superior court. April term, 1891.

Attachment against the plaintiff in error having been issued, and the case coming on for trial, the attention of the court was called to the fact that a certified copy of an order from the judge of the United States circuit court for the northern district of Georgia, had been filed in the superior court where the suit was pending, ordering that the cause be removed into the circuit court, upon a petition and affidavit based upon prejudice and local influence; the order not being exhibited. The superior court proceeded to trial over objection, it appearing by admissions of counsel that the defendant, the Dahlonega Company, Limited, was a foreign corporation resident in London, England, with no office or place of business in the United States; and a verdict for the plaintiff was rendered. The defendant excepted, alleging that it was error to proceed to trial, the case having been removed by order of the circuit court, and that whether the cause was removable could not be investigated by the superior court but was for the circuit court to investigate on motion to remand.

N. J. & T. A. HAMMOND, for plaintiff in error.

PRICE & CHARTERS and W. S. BASINGER, *contra.*

SIMMONS, Justice.

1. We have carefully examined the statutes enacted by the Congress of the United States on the subject of removal of causes from the State courts to the United States courts, and can find no power or authority given therein which would entitle an alien defendant, whether a natural person or corporation, in a case brought against him or it in this State, to remove the case to the courts of the United States on the ground of prejudice or local influence. That part of the act of Congress approved March 3, 1887, which authorizes the removal of causes on the ground of prejudice or local influence, is as follows:

"And where a suit is now pending, or may be here-

after brought, in any State court, in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State, any defendant, being such citizen of another State, may remove such suit into the circuit court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in such State court, or in any other State court to which the said defendant may, under the laws of the State, have the right, on account of such prejudice or local influence, to remove said cause; provided, that if it further appear that said suit can be fully and justly determined as to the other defendants in the State court, without being affected by such prejudice or local influence, and that no party to the suit will be prejudiced by a separation of the parties, said circuit court may direct the suit to be remanded, so far as relates to such other defendants, to the State court, to be proceeded with therein."

It is quite clear from the phraseology of this act that the right to remove a cause from a State court on the ground of prejudice or local influence, is confined to cases "in which there is a controversy between a citizen of the State in which the suit is brought and a *citizen* of another State." Citizenship of a State must exist before a removal can be had on that ground. The word "State," as used in this act, means a State of the United States. A citizen of a territory is not a citizen of a State, nor is a citizen of the District of Columbia. Aliens and citizens of territories are therefore excluded, under this clause of the act. Speer, Removal of Causes, §21, and note 1; also *Id.* Appendix C, where the author says the defendant must be a citizen of another State, in order to remove the case under clause 4 of §2 of the act.

2. Counsel for the plaintiff in error contended that even if it were true that an alien could not remove a case from the State court to the Federal court on the ground of prejudice or local influence, yet inasmuch as the judge of the Federal court had granted an order for its removal, the State court had no right to proceed with the case, and the remedy of the other party was to move the Federal court to remand the case. There was no copy of the petition for removal exhibited to the State court, but counsel for the alien company admitted that the removal was based upon a petition setting forth that the petitioner was an alien. If this was true, the circuit court of the United States, under our construction of the act, had no jurisdiction to grant the order of removal; and having no jurisdiction, the order was void on its face, and can be so held by any court wherein the order is pleaded, or in any court wherein any right is claimed under it. If the right of removal were doubtful, then the State court should not have proceeded with the case, but should have left the Federal court to determine whether it could be removed or not; but if the order of removal was absolutely void, the case was not removed, and the State court had not lost its jurisdiction and could proceed with the trial. Nor was it necessary to move in the United States court for the case to be remanded.

There was therefore no error in proceeding with the trial of the case in the State court, and the judgment is

*Affirmed.*