### SHEPHERD v. BRADSTREET CO. et al.

(Circuit Court, W. D. Missouri, W. D. January 7, 1895.)

1. REMOVAL OF CAUSES—REFUSAL OF STATE COURT TO MAKE ORDER.
   When a defendant has made proper application for removal of a cause from a state court to a United States court, and has filed a transcript of the record in the United States court, jurisdiction eo instanti attaches in that court, though the state court has refused to make an order of removal, and has assumed to enter a nonsuit.

2. SAME—SEPARABLE CONTROVERSY—PRACTICE.
   An action for libel was brought in a state court against a commercial agency, a corporation of another state, and its local agent, a citizen of the state where suit was brought, the gravamen of the complaint being the publication of certain statements concerning plaintiff's credit. It was alleged, upon a petition for removal and severance of the action, that the local agent was made a party solely to prevent removal of the cause. Held, that the court would examine closely into the actual relation of the agent to the facts constituting the alleged cause of action, and into the motives of plaintiff in joining him as a party, and, finding him probably not a necessary party, would deny a motion to remand, leaving it for the court upon the trial to remand the cause as improvidently removed, if plaintiff could then make it appear that he was a real party to the action.

This was an action by H. C. Shepherd against the Bradstreet Company and Harry Roloff, for libel. The action was brought in a court of the state of Missouri, and was removed by the defendant the Bradstreet Company to the United States circuit court. Plaintiff moves to remand.

Davis, Loomis & Davis, for plaintiff.

William A. Wood, Dowe, Johnson & Rusk, and W. S. Leeper, for defendants.

PHILIPS, District Judge. This suit was instituted in the state circuit court of Caldwell county by the plaintiff, a citizen of said county, against the defendant the Bradstreet Company, a citizen of another state, and the defendant Harry Roloff, a citizen of said Caldwell county, state of Missouri. The defendant company in due time filed its application for a removal of the cause as to it into this jurisdiction. The application is predicated upon the diverse citizenship of said company, accompanied with the further alle-

gation that the cause of action is separable, and that the plaintiff joined the resident defendant, Roloff, solely for the purpose of giving a cause of action against it in the local jurisdiction of Caldwell county, and to prevent it from the exercise of its right to remove the cause as to it into this court. On the filing of said petition for removal the plaintiff undertook to enter a nonsuit therein, which the court permitted, and thereupon denied the petition to remove the cause into this court. It is well settled that, after proper application made for removal, the state court loses jurisdiction over the case, save for the purpose of making the order of removal. And on filing the proper transcript in this court, as the defendant company has done, jurisdiction eo instanti attaches here. The plaintiff has filed in this court a motion asking that the cause be remanded to the state court. The motion alleges as grounds therefor that the state court made no order removing the cause into this court, and "that this court has no jurisdiction in this action neither of the subject-matter therein, nor of the defendants therein, nor of any of them." From this motion it would seem that plaintiff's notion is that no jurisdiction over the subject-matter, nor over the defendants, nor either of them, attaches here because of the fact that the state court failed to make the order of removal, as no other ground is assigned for the motion to remand. The motion might properly enough be denied on this ground alone. But the parties have argued the question as to whether or not the cause of action is severable as to the defendants, and in support of and against the motion many affidavits have been filed by the respective parties. To understand this controversy, it may be briefly stated that the gravamen of the complaint in the petition is that the defendant Roloff is the local agent of the Bradstreet Company, a nonresident corporation, and that the defendant the Bradstreet Company, by its servants, agents, and employés and the defendant Roloff, falsely, etc., composed, and published, telegraphed and reported and circulated over the country, by a written or printed telegram, and by a written or printed commercial report, that the plaintiff had been attached, etc., whereby he was greatly injured in his business, etc. The second count in the petition merely charges that "defendant" did the acts complained of; but which defendant is not stated. It is charged by the defendant the Bradstreet Company, in its petition for removal, and affidavits filed herein, that the joinder of defendant Roloff was merely for the purpose of denying to the Bradstreet Company its right of trial in this jurisdiction. It quite clearly enough appears from these affidavits that Roloff resides in the county of Caldwell, and was the local agent of the Bradstreet Company for a limited purpose, which did not embrace the publication of such information, and that said Roloff is insolvent. The plaintiff, in his counter affidavits, seeks to show that the imputed agency of Roloff was broader than that claimed for him on the part of the defendants; that it extended to the matter of collecting information for the company as to the solvency and financial condition of business men in that locality.

But this contention is predicated merely upon acts and declarations of the imputed agent. "It is well-settled law that an agency cannot be established by the mere acts or declarations of the imputed agent, nor from the mere fact that he assumes to act as agent." Anderson v. Volmer, 83 Mo. 406, and citations. But it is clearly apparent from all the affidavits that the agency of Roloff, reasonably implied, did not extend further than the act of forwarding to the company information respecting the credit and solvency of persons in the given locality. No averment is made in the petition nor the affidavits that Roloff's agency extended to the matter of giving publicity to any reports he might make; and, in the absence of such averments, it does not sufficiently appear that he was authorized by the company to make such publications. On the contrary, it is reasonably inferable from the usual course of such business that the agency of the local agent extended to the simple duty of giving by telegram, letter, or report information to the company respecting the financial standing and solvency of persons in his locality. If the publication was subsequently made by the principal, that was an act independent of the report sent in by the agent, and no joint action would lie therefor, in the absence of an averment and proof of a conspiracy.

The joinder of an agent with his principal under such circumstances, should be narrowly scanned by the courts, where its effect is to deny to the nonresident defendant a right of trial in the federal court. It is permissible to this court, in a contention like this, to entertain affidavits to get at the real state of the facts respecting the object of such joinder, to enable the court to see whether or not there be a joint cause of action against all the defendants, or whether or not it be one only by averment. Nelson v. Hennessey, 33 Fed. 113; Rivers v. Bradley, 53 Fed. 305; Fergason v. Railway Co., 63 Fed. 177; Dow v. Bradstreet Co., 46 Fed. 824. It is true, in this case, that the plaintiff and his attorneys make affidavit denying the fact that it was understood or discussed between lawyers and client that Roloff should be joined in the action for the purpose of defeating the removal of the cause into this court by the company, and the plaintiff also states that he had no such purpose. But it is a noticeable fact that, while his attorneys state that the matter was not canvassed between them and their client, it is not stated that they did not canvass the matter among themselves as attorneys. Ofttimes actions speak louder than words. Immediately on filing the petition by the company asking for a removal of this cause, as to it, into the United States circuit court, the plaintiff sought to dismiss his action. Why did he do this, but for the fact that he was unwilling to litigate this controversy with the nonresident defendant on more common, neutral ground? And as proof that this was the real incentive to the action of the plaintiff in thus attempting to defeat the removal, one of the defendants' attorneys makes affidavit that upon the attempted dismissal of the suit plaintiff's attorneys said to him that they would now reinstitute the action in the state court for a sum less than the jurisdiction of the federal

court, so the defendant could not remove it. This affidavit is not denied by the plaintiff or by his attorneys.

Another fact is significant from the affidavits filed by the plaintiff in this case: That, although advised by the contention of the defendants that there was no community of action between the report of the defendant Roloff to the company and its subsequent publication, none of the affiants on the part of the plaintiff state or show that the defendant Roloff was instrumental in making the alleged publication, or that he authorized the same to be published. As the publication is the gist of the libel, this statement was important under the issues joined on this motion. The failure of the plaintiff to support this averment in his petition, after accepting the gauge of battle thrown down by the challenge of the defendant in the affidavits filed herein, by his own or any other affidavit, is little less than an admission of the truth of defendant's charge. If, as a matter of fact, the defendant Roloff, in connection with other servants, agents, and employés of the defendant company, made the libelous publication which is the gravamen of this action, the plaintiff can make that fact appear on the trial of this cause in this court; and when he does so this court will discontinue the case here, and remand the same to the state court on the ground that it was improvidently removed. The motion to remand is denied.