## MURPHY v. PAYETTE ALLUVIAL GOLD CO., Limited.

(Circuit Court, D. Oregon. December 12, 1899.)

### No. 2,594.

1. REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—SUFFICIENCY OF PETITION.
   In an action in a state court, based on a number of claims, which in the aggregate, but not separately, exceed $2,000, and some of which, as shown by the complaint, were assigned to the plaintiff, a petition for removal on the ground of diversity of citizenship must, in connection with the other parts of the record, show the citizenship of plaintiff's assignors; and, to effect a removal, it must appear that the requisite diversity of citizenship exists between defendant and such assignors, as well as between plaintiff and defendant.[1]

2. REMOVAL OF CAUSES—AMENDMENT OF PETITION IN FEDERAL COURT.
   When a petition for removal, in connection with the record in the cause, fails to disclose grounds for removal, the docketing of the cause in the circuit court of the United States does not deprive the state court of jurisdiction, and the federal court has no power to grant leave to amend the petition by stating facts that show that the cause was in fact removable.

On Motion to Remand to State Court.

Zera Snow, for plaintiff.
W. A. Cleland, for defendant.

GILBERT, Circuit Judge. Motion is made to remand this cause to the circuit court of the state of Oregon for Malheur county, whence it was removed to this court. The plaintiff sued upon several causes of action, one of which arose in his own favor, and four of which were assigned to him by others. The amount involved in the first cause is not sufficient to confer jurisdiction, but the sum of all the demands exceeds $2,000. The petition for removal alleged that the plaintiff was then, as well as at the commencement of the action, a citizen of the state of Oregon, and that the defendant was at said dates an alien corporation created under the laws of Great Britain and Ireland. The complaint had set forth the facts concerning the four assigned causes of action, and the names of the respective assignors, but neither in the complaint nor in the petition was there any averment concerning the citizenship of such assignors. After the motion to remand came on for hearing, an application was made on behalf of the defendant for leave to file in this court an amended petition showing that the citizenship of the assignors of the assigned claims was such that the case was one for removal. There can be no doubt that upon the record, together with the petition which was filed in the state court, no cause for removal was presented, and that the jurisdiction of the state court could not be thereby devested. It was necessary to show affirmatively that the citizenship of the assignors of the assigned claims was diverse from that of the defendant, or that they were not aliens. In Parker v. Ormsby, 141 U. S. 81, 85, 11 Sup. Ct. 913, 35 L. Ed. 656, the court said:

"The authorities we have cited are conclusive against the right of the plaintiff to maintain this suit in the court below, unless it appeared that the original

---

[1] For diverse citizenship as ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249, and, supplementary thereto, note to Mason v. Dullagham, 27 C. C. A. 298.

payee, Lamb, could have maintained a suit in that court upon the note and coupons. Consequently, it was necessary that the record should, as it does not, disclose his citizenship."

But it is contended that inasmuch as, in fact, the citizenship of the assignors was such that the case was properly removable, their citizenship can now be shown by an amended petition filed in this court. This contention leads to the inquiry, what is the power of this court to permit amendments to the petition for removal after the cause has been docketed herein? In Crehore v. Railway Co., 131 U. S. 240, 9 Sup. Ct. 692, 33 L. Ed. 144, the right of the circuit court to amend the petition was denied in a cause which had been removed on the ground of diverse citizenship, on a petition which alleged the citizenship of the parties at the time when it was filed, only, and not at the time of the commencement of the action. The court said:

"For the only mode provided in the act of congress by which the jurisdiction of the state court of a controversy between citizens of different states can be devested is by presenting a petition and bond in that court showing, in connection with the record, a case that is removable. The present motion, in effect, is that such amendment of the record may be made in the circuit court as will show that this case might have been removed from the state court,—not that, in law, it has ever been so removed."

In Jackson v. Allen, 132 U. S. 27, 10 Sup. Ct. 9, 33 L. Ed. 249, the court affirmed the rule of Crehore v. Railway Co.; and in Graves v. Corbin, 132 U. S. 572, 590, 10 Sup. Ct. 202, 33 L. Ed. 469, it referred to that case as one in which it had been held—

"That where a suit is entered upon the docket of a circuit court as removed on the ground of the diverse citizenship of the parties, and was never in law removed, no amendment of the record made in the circuit court can affect the jurisdiction of the state court, or put the case rightfully on the docket of the circuit court as of the date when it was so docketed."

In Martin's Adm'r v. Railroad Co., 151 U. S. 673, 691, 14 Sup. Ct. 540, 38 L. Ed. 318, the court defined the limit of the power of the circuit court to permit amendments to the petition, and said:

"Such amendments may be allowed when, and only when, the petition, as presented to the state court, shows upon its face sufficient ground for removal."

In Powers v. Railway, 169 U. S. 92, 101, 18 Sup. Ct. 267, 42 L. Ed. 676, may be found the latest expression of the views of the court upon that subject. The court there said:

"A petition for removal, when presented to the state court, becomes part of the record of that court, and must doubtless show, taken in connection with the other matters on that record, the jurisdictional facts upon which the right of removal depends; if those facts are not made to appear upon the record of that court, it is not bound or authorized to surrender its jurisdiction; and, if it does, the circuit court of the United States cannot allow an amendment of the petition, but must remand the case."

The court then proceeded to say:

"But if, upon the face of the petition, and of the whole record of the state court, sufficient grounds for removal are shown, the petition may be amended in the circuit court of the United States, by leave of that court, by stating more fully and distinctly the facts which support those grounds."

The present case does not come within the rule so declared. It does not appear upon the face of the petition or of the record in

the state court that a ground for removal was shown. It was shown, it is true, that the cause was one between an alien and a citizen of a state, and that it involved an amount sufficient to confer jurisdiction, but those facts were not sufficient. The claims sued upon, as shown by the complaint, were assigned claims. The suit was one of which this court had no cognizance, unless it might have been prosecuted herein if no assignment had been made. Such being the nature of the cause of action, the citizenship of the assignors was just as essential to be averred as was the citizenship of the plaintiff or of the defendant. The record is wholly silent upon that subject. The case is not one of a defective averment which may be aided by amendment. It is a case of the entire omission of an essential allegation. Upon the authorities above cited, it is clear that this court is powerless to permit the proposed amendment. The motion to remand will be allowed.