$$\begin{array}{cc} .114 & 99 \\ \text{f}114 & {}^4108 \end{array}$$

CITY OF ASHLAND, Appellant, vs. WHITCOMB and another, Receivers, Respondents.

*March 13—April 1, 1902.*

*Appeal and error: Questions reviewed: Supreme court: Record: Conclusiveness of recitations in orders: Appealable orders.*

1. In the absence of an admission of the fact alleged to exist the supreme court can consider nothing but what appears on the face of the record.

2. On appeal from an order striking a cause from the calendar on the ground that it had been removed into a federal court, the order specifically recited that it was based on the *files and records*. The record was certified to be all the original files in the action, and there was no bill of exceptions. There was no paper in the record showing or tending to show that the federal court had assumed jurisdiction of the action. *Held:*

   (1) The record affirmatively excluded the possibility of any other fact having been before the court than the facts appearing in the *files and records*.

   (2) The mere recitation, at the close of the order, that the reason for granting the motion was, that the action had been removed to the federal court and that that court had assumed jurisdiction and retained said action, cannot be considered as proof of such fact, in the face of the direct statement that the order was based upon written records alone, which contain no proof thereof.

3. *It would seem* that had the fact that the federal court had assumed jurisdiction been recited as a fact proven on the hearing of the motion, such recitation would be conclusive.

4. An order striking a cause from the calendar, based upon the ground that no such action is pending in the court, is, in effect, a ruling that the court has no jurisdiction, and is appealable.

APPEAL from an order of the circuit court for Ashland county: GEO. W. BURNELL, Judge. *Reversed.*

This is an action in equity commenced July 26, 1897, to compel the removal of certain obstructions alleged to have been erected and maintained by defendants in Fourth Avenue West, a public street in the city of Ashland, and to restrain the defendants from interfering with or obstructing said

street in the future.   The complaint, after alleging the fact
that the plaintiff is a municipal corporation, and the further
fact that the Wisconsin Central Railroad Company is a do-
mestic railroad corporation, alleges that the defendants were
appointed receivers of said railroad corporation by an order
of the circuit court of the United States for the Eastern dis-
trict of Wisconsin, September 27, 1893, and still are acting
as such receivers; that a public street named "Fourth Avenue
West" exists in said city which was prior to the year 1897
much used by the inhabitants, and had a sidewalk for foot
passengers on the east side thereof; that on the 9th day of
February, 1897, the defendants removed said sidewalk, and
obstructed said street by a fence and barricade across its entire
width, which they still maintain.   Judgment was demanded
that the defendants be required to remove said obstructions,
replace the sidewalk, and that they be enjoined from further
interference with the street.   On the 14th of August, 1897,
the defendants filed their petition for removal of the action
to the United States circuit court for the *Eastern* district of
Wisconsin.   The petition alleges the appointment of the de-
fendants as receivers by order made in an action in equity
pending in said federal court; the residence of the defend-
ants in the city of Milwaukee; that the present action is
brought against them by reason of acts done by them in their
capacity as receivers; and that the amount in controversy ex-
ceeds $2,000.   Thereafter, upon a petition signed by the de-
fendants and by the surety upon the removal bond, showing
that by mistake the petitioners had prayed for removal to the
United States court for the Eastern district of Wisconsin, in-
stead of the Western district (Ashland county being in the
Western district), the defendants moved to be permitted to
substitute the words "Western district" for "Eastern district"
in their petition and bond.   Both the petition for removal and
the motion to amend were denied December 3, 1897, and the
cause was noticed for trial at the September term, 1901, and

in pursuance of such notice came regularly on for trial, when the following proceedings were had, as recited in the order ·appealed from:

"The above-entitled action coming on for trial upon due notice thereof, Dillon & Colignon and Tomkins & Tomkins, attorneys for the plaintiff, appeared, and moved the said cause of action for trial; and Thos. H. Gill, Esq., attorney for said defendants, appearing specially therefor, moved the court to strike the above-entitled action from the calendar for the reason that the same has been removed to the United States circuit court for the Western district of Wisconsin, and is now pending therein: Now, *upon all the files and records* in the above-entitled action, and on motion of Thos. H. Gill, Esq., attorney for said defendants, it is ordered that the above-entitled action be, and the same is hereby, stricken from the calendar for the reason that the said action has been removed to the United States circuit court for the Western district of Wisconsin, and is now pending therein, and that said United States court has assumed jurisdiction and retains said action."

There is no bill of exceptions, and no further facts than those hereinabove stated appear in the return. The clerk's certificate to the papers returned certifies that they are "all the original files" in the action. From the order striking the cause from the calendar, the plaintiff appeals.

For the appellant there were briefs by *M. E. Dillon,* attorney, and *Dillon & Colignon* and *Tomkins & Tomkins,* of counsel, and oral argument by *F. J. Colignon* and *W. M. Tomkins.*

For the respondents there was a brief by *Howard Morris* and *Thos. H. Gill,* and oral argument by *Mr. Gill.*

WINSLOW, J.    The singular fact which strikes the mind upon examination of the record is that there is no proof from beginning to end that the United States court has assumed to take jurisdiction of the action. When this fact was called to the attention of respondent's counsel upon the argument, he

stated that the present case and its companion, *Ashland v. Wis. Cent. R. Co., post,* p. 104, were taken up together in the trial court, and that the fact of the assumption of jurisdiction by the United States court, as stated in the answer in that action, was admitted as existing, and treated as a matter of fact to be considered by the court in both cases. This statement was not, however, admitted by the appellant's counsel either in their brief or in their argument before us, and, in the absence of any admission, it is plain that we can consider nothing but what appears on the face of the record.

The record is certified to be all before us. The order appealed from recites that it is based upon that record, but there is not a paper of any kind in it which shows, or tends to show, that the United States court has assumed jurisdiction of the action. It is true that the trial judge states in the order that he strikes the cause from the calendar for the reason that the United States court has assumed jurisdiction. Had this been recited as a fact proven on the hearing of the motion, it would doubtless be conclusive of the fact, and we should be bound to assume that it was proven by oral admission or stipulation; but, on the contrary, the order appealed from specifically recites that it is based upon the *files and records;* and thus affirmatively excludes the possibility of any other fact having been before the court than the facts appearing in the files and records. The mere recitation at the close of the order of the reason which influenced the mind of the court cannot be considered as proof of the fact in the face of the direct statement that the order was based upon written records alone which contain no proof of such fact.

We are therefore compelled to conclude that there is nothing in the case to show that the United States court has ever assumed jurisdiction of the case. So the situation appearing on the record is that the motion was made and denied in the state court, and no further steps were taken until the case was

moved for trial in the latter court. On this state of facts, there was nothing to prevent the trial from proceeding in the state court.

But it is objected by the respondent that the order striking a case from the calendar is not an appealable order, because it does not in effect determine the action, or prevent a judgment from which an appeal might be taken. Certainly, an order striking a cause from the calendar because of insufficient notice or other irregularity not affecting the question of the pendency of the action is not appealable, because it affects procedure alone and merely postpones the trial to a future term; but when such an order is based upon the ground that no such action is pending in the court it is manifest that a different question is presented. Such an order is, in effect, a ruling that the court has no jurisdiction, and hence that it can never be brought to trial or judgment in that court. Thus, in *Cooper v. Waterloo,* 88 Wis. 433, 60 N. W. 714, which was an action against a village for personal injuries suffered by reason of a defective sidewalk, an order was made striking the cause from the calendar because a third person, alleged to be primarily liable for the defect, had not been joined as a defendant. Upon appeal this order was held to be appealable, because it affected a substantial right, and in effect determined the action, and prevented a judgment from which an appeal might have been taken. That case cannot be distinguished in principle from the present case. In the present case it appears from the record that the action is still pending in the state court, that removal to the United States court has been denied, and there is nothing to show that the United States court has assumed jurisdiction notwithstanding the denial. Hence, so far as the record before us is concerned, the state court conclusively appears to be the proper court in which the case is to be tried; but that court has refused to try it, and has stricken it from the calendar, upon a ground which

will prevent its trial for all time in the future, and hence render any judgment in the action impossible.

*By the Court.*—Order reversed, and action remanded for further proceedings according to law.