CITY OF ASHLAND, Appellant, vs. WHITCOMB and another, Receivers, Respondents.

*February 2—February 23, 1904.*

*Federal courts: Jurisdiction of causes removed from state court: Powers and duties of state court.*

1. Where, in an action against receivers of a railroad, appointed by a federal court, to compel the removal of obstructions from certain streets the title to which was claimed by defendants, the action had been removed to the federal court, and the federal court had assumed jurisdiction and retained the same after a motion to remand to the state court, the state court can properly take no proceedings in the action while the cause is still proceeding in the federal court.
2. In such case, the ultimate authority to decide finally and conclusively upon the question of jurisdiction is in the federal court, and the state court will respect its determination in any case covered by the federal removal statute.

APPEAL from a judgment of the circuit court for Ashland county: A. J. VINJE, Judge. *Affirmed.*

This is an equitable action commenced by the appellant, the city of *Ashland,* to compel respondents to remove ob-

structions from a street of the city, and to restrain them from continuing the obstructions. This case, as well as the companion case, *Ashland v. Wis. Cent. R. Co.* 98 N. W. 532, which are submitted and argued together on this appeal, were before this court on an appeal from orders like the ones from which these appeals are taken, and are reported, with a full statement of facts, which need not be repeated, in 114 Wis. 99, 89 N. W. 886, and 114 Wis. 104, 89 N. W. 904, respectively. In addition to the facts there stated, it now is without dispute that the United States circuit court for the western district of Wisconsin has assumed jurisdiction of the action; that the action was, on motion in open court, duly docketed in that court, over the objection of appellant; that the United States circuit court on December 28, 1897, denied appellant's motion to remand the case to the state court, and retained jurisdiction of the case. Appellant thereafter filed its bill in equity, as required by the practice in the federal courts, and subsequently amended the bill; praying for the same relief asked for in its complaint in the state court. Respondents, the receivers of the railway company, on the 25th day of August, 1900, brought a cross-bill in the action then pending in the federal court, setting up that, by ordinances of the common council of appellant, and acts pursuant thereto, the title to the portion of Fourth Avenue West, and also Fourth street and Second and Third Avenues West, then in their possession, had vested in them, and prayed it be declared to be vested in them, and that the appellant city be forever enjoined from interfering or attempting to interfere with the right, title, or possession of the receivers as to such streets. Appellant appeared and interposed a demurrer to this cross-bill. The issue thus raised has not been determined by the federal court. Appellant noticed the case for trial at the September, 1902, term of the Ashland county circuit court, where respondents had appeared specially and moved to strike the cause from the calendar. This motion was

granted, upon the fact that the federal court had assumed jurisdiction and retained the cause as properly pending before that court, where appellant had appeared and submitted to proceedings had in the cause. From this order the city appeals.

For the appellant there was a brief by *F. J. Colignon*, attorney, and *Dillon & Colignon* and *W. M. Tomkins*, of counsel, and oral argument by *Mr. Tomkins*.

For the respondents there was a brief by *Howard Morris* and *Thomas H. Gill*, of counsel, and oral argument by *Mr. Gill*.

SIEBECKER, J. The questions raised upon this appeal were presented to this court on a former appeal, April 1, 1902. 114 Wis. 99, 89 N. W. 886. The jurisdictional question involved was not determined, because not properly before the court upon the record as it then stood. It was therein decided that the order striking a case from the calendar upon the ground that it appeared that the action is pending before a federal court, and that the state court has no jurisdiction, is a determination that the trial of the case cannot be prosecuted to judgment in the state court. The order was held appealable, because it affects a substantial right, and does, in effect, determine the action, and prevent a judgment from which an appeal might be taken. From the statement of facts, it now appears that the United States circuit court for the western district of Wisconsin has assumed and retains jurisdiction of this cause, and that the action is now pending in that court. It is undisputed in this case that respondents were receivers of the railway, and had possession of its property, before this action was commenced, upon an order or decree in a proceeding of the federal court. By this proceeding the federal court assumed administration of the railway company's property and held possession and control through the receivers, as its officers, for the purpose of applying it

to the benefit of persons whom it may adjudge entitled thereto. Respondents are sued in their capacity as receivers, and the right to the possession of the railway company property is involved in the issues of the case. Under these circumstances, the federal court has determined and assumed jurisdiction of the subject-matter of the action, involving the possession of this property. That the state courts will respect its determination under such circumstances is clearly established and fully recognized in *Northern Pacific R. Co. v. McMullen,* 86 Wis. 501, 56 N. W. 629, and *State ex rel. Atty. Gen. v. Frost,* 113 Wis. 623, 88 N. W. 912, 89 N. W. 915. In the last case, upon an exhaustive review of the adjudications, Mr. Justice Dodge states the rule to be:

"The ultimate authority to decide finally and conclusively upon the jurisdiction of a federal court, or upon the validity of one of its decrees or of a federal statute, is in the federal courts, and the consideration of such validity must be yielded up by the state courts in any case covered by the federal removal statutes."

Since the federal court has assumed jurisdiction of the action, and the cause is still pending there, the circuit court of Ashland county properly held that no proceedings could be taken therein.

*By the Court.*—The order is affirmed.