ISABELLE McHENRY TOMSON, ADMINISTRATRIX, APPELLEE, v. IOWA STATE TRAVELING MEN'S ASSOCIATION, APPELLANT.

FILED FEBRUARY 21, 1907. No. 14,575.

1. **Removal of Causes: PETITION: WAIVER.** Merely formal defects in a petition to remove a cause from the state to the federal court are waived by appearing in the latter court and moving to remand on the ground that the alleged cause for removal does not exist.

2. ———: **JURISDICTION.** During the pendency in a United States circuit court, in a cause removed thereto from a state court, of a controversy over the question whether a sufficient ground for such removal exists, the state court is without jurisdiction to proceed, or to make any judgment or order in the suit.

3. ———: **JUDGMENT, VACATION OF: REVIEW.** If a state court renders

a judgment in a cause which has been removed to a circuit court of the United States, during the pendency of a controversy in the latter court over the question whether a sufficient ground for such removal exists, it is error to refuse to vacate such judgment upon a motion therefor, made at the term of its rendition, accompanied by a showing of the pendency of such controversy, although at the time of its rendition the records of the state court did not disclose that it was deprived of jurisdiction.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed.*

*Sullivan & Sullivan* and *T. J. Mahoney,* for appellant.

*L. C. Burr, contra.*

AMES, C.

This appeal is by the defendant to reverse a judgment of the district court as having been rendered without jurisdiction. The action was begun by petition, summons and personal service in the ordinary manner. Before the arrival of the answer day there was filed and brought to the attention of the court a purported petition and bond for the removal of the cause to the United States circuit court on the ground of diverse citizenship. No order with regard to the application was made by the state court, but the bond was approved by one of the judges of that court, and the defendant immediately procured a transcript of the record, and caused the same to be filed and the suit to be docketed in the United States court. On the 18th day of October, 1904, the plaintiff entered an appearance in the latter court and filed therein a motion to remand, in which no objection was made to the form or authenticity of the petition for removal, but in which it was alleged that the latter was insufficient in substance and that the alleged diverse citizenship did not exist. Upon the issue thus joined, proofs were taken and submitted to the circuit court,

29

who in consideration thereof, and on the 30th day of December, 1905, entered an order sustaining the motion and remanding the cause. On the 3d day of July, 1905, while this controversy was pending and under consideration in the United States court, the plaintiff applied to the state court for and obtained an order adjudging the defendant in default for want of an answer, none having been filed, and, pursuant thereto, a judgment was rendered in favor of the plaintiff and against the defendant for the amount prayed for in the petition of the former. At the same term of the court at which these proceedings were had the defendant applied to have the default and judgment set aside on the ground that at the time of their rendition the cause was not before the court, its jurisdiction thereof having been suspended during the pendency of the proceedings on the application for removal. The motion to vacate the default and judgment was denied, and the defendant appealed.

The sole contention on behalf of the plaintiff is that the petition for removal is insufficient in form and without due authentication, so that the state court was not required to regard it, and that, hence, no reversible error appears upon the face of the record. The precise objection to the petition for removal is that the defendant is a corporation which is incompetent to conduct any proceeding before a court of record, except through the agency of an attorney of such court, and that in this instance the instrument was signed by persons who, though attorneys of the courts of a sister state, were not attorneys admitted to practice in Nebraska and not especially admitted for the conduct of the cause in which the application was made. We understand counsel for the defendant to admit that this objection to the petition would have been fatal if it had been made and insisted upon in due season, but he contends that it goes to the form, and not to the substantial sufficiency of the petition, which is not assailed and that it was susceptible of waiver and was effectually waived by the appearance in the United States court and

the raising of an issue there with reference to the alleged ground of removal, to wit, diverse citizenship. That this contention must be upheld the authorities leave no room for doubt, nor do we understand counsel for plaintiff to controvert it. Black's Dillon, Removal of Causes, sec. 220; *Martin's Admr. v. Baltimore & O. R. Co.,* 151 U. S. 673; *Ayers v. Watson,* 113 U. S. 594.

The authorities are also unanimous to the effect that the United States court was alone competent to try the question of diverse citizenship, and that during the pendency of such trial the state court was wholly without jurisdiction to proceed with or to make any judgment or order in the cause, provided it appeared upon the face of the record in the state court that the suit was removable under the laws of congress. *Stuart v. Bank of Staplehurst,* 57 Neb. 569; *Burlington, C. R. & N. R. Co. v. Dunn,* 122 U. S. 513; *Carson v. Hyatt,* 118 U. S. 279. It follows inevitably from the foregoing that the state court was without jurisdiction at the date of the rendition of the default and judgment; the informality of the petition for removal having been waived in the manner aforesaid and the question of jurisdiction submitted to the federal tribunal.

But the plaintiff urges that granting all this to be as asserted, still the state court committed no reversible error, because there appeared upon its records no lawfully authenticated application for removal and nothing to indicate ratification by the defendant or waiver by the plaintiff, and that if the defendant has any remedy it is by a suit in equity or by a proceeding under section 602 of the code to obtain a new trial, and not by appeal or error.

But at the same term at which the default and judgment complained of were rendered, and within three days after their rendition, the defendant, appearing specially, moved the court in writing to vacate them on the ground that the cause had been removed to and was still pending in the United States circuit court for this district, and that

the state court was without jurisdiction. In opposition to this motion, counsel for the plaintiff filed his own affidavit and also a certified transcript of the above described proceedings in the federal court, from all which the above recited circumstances were, so far at least as the plaintiff is concerned, conclusively established, and which, being preserved in a bill of exceptions and made a part of the record, show without contradiction that whatever may have appeared upon the face of the record at the time the court rendered the judgment complained of it was in fact without jurisdiction so to do. We think it entirely clear that this showing ought to have been given at least as much force as should have been given a sufficient proof of newly discovered evidence upon a motion for a new trial for that cause, and that the court therefore erred in denying the motion to vacate the judgment.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings.

REVERSED.