## COMMODORES POINT TERMINAL CO. et al. v. HUDNALL et al.

(District Court, S. D. Florida. April 10, 1922.)

No. 215.

1. Removal of causes ⟨⟩95—State court, by denial of petition, does not retain jurisdiction, if cause removable.

If a cause was removable on petition of the defendants applying therefor, the denial of the petition by the state court did not affect the status of cause, so as to give the court jurisdiction thereafter to enter an order in the cause; but, if the denial of the petition for removal was proper, the injunction thereafter issued by the state court will not be vacated.

2. Removal of causes ⟨⟩92—All papers filed in state court prior to removal should be sent to the federal court.

Where a petition by two defendants to remove the cause to the United States court was insufficient to secure removal, all papers thereafter entered in the cause in the state court, including depositions taken pursuant to commissions, should have been sent to the federal court, on the subsequent removal of the cause on petition filed by all of the defendants except one, who disclaimed.

In Equity. Suit by the Commodores Point Terminal Company and others against Charles F. Hudnail and others, begun in the state court, and removed to the United States District Court. On petition of complainants in the nature of a suggestion of the diminution of the record, and on the motion of the defendant Charles F. Hudnall and another to vacate injunctions issued by the state court. Petition of complainants granted, and motion to vacate the injunction denied.

Knight & Adair, Fleming & Fleming, and W. K. Jackson, all of Jacksonville, Fla., R. H. Liggett, of Washington, D. C., and A. W. Cockrell, Jr., Cooper, Cooper & Osborne, J. C. Reynolds, and E. J. I,'Engle, all of Jacksonville, Fla., for complainants.

John W. Dodge and Stockton & Ulmer, all of Jacksonville, Fla., for defendants.

CALL, District Judge. This matter comes on for a hearing upon a petition of the complainants in the nature of a suggestion of the dimirution of the record, and also the motion of Charles F. and Mary E. Hudnall to vacate the injunctional orders heretofore issued by the state court. A statement of the pleadings is as follows:

On October 8, 1921, the complainants filed their bill of complaint, seeking to enjoin the defendants Charles F. and Mary E. Hudnall from proceeding with certain actions of ejectment instituted by them against certain of the complainants, and praying to remove the claims cf these two defendants and many others as a cloud upon the title of complainants. The bill shows that the complainants and defendants ceraign their title from a common source, although they claim separate interests in and to parcels of the land. These injunction orders vrere issued by the state court on October 31, 1921. On October 26, 1921, notice of the petition by Charles F. and Mary E. Hudnall for removal of the cause to this court, and on October 28th the petition, bond,

and notice was filed in the clerk's office and on October 29th the matter was brought on for a hearing before the circuit judge for Duval county and denied by an order of that date. Subsequent to filing the bill, and before the 28th of October, certain interrogatories were filed to certain persons pursuant to the state practice. The commissioners to take the testimony on these interrogatories were appointed on October 28, 1921. On December 3, 1921, a second petition for removal was filed by Charles F. and Mary E. Hudnall, William D. McNamar, Ezilla Sparkman and Frank, her husband, George B. Prevatt, Dorothy Prevatt Harris, and Warren S. Harris, her husband; the other defendant, Elizabeth B. Wilson, not joining, but the petition showing that she has no interest. Upon this last petition an order of removal was granted December 3, 1921, and a record filed in this court December 31, 1921.

The defendants Chas. F. and Mary E. Hudnall move to vacate the injunctional order issued by the circuit court for Duval county on October 31, 1921, on the ground that the circuit court had lost jurisdiction of the cause prior to the issuing of the same, so far as these two defendants are concerned, on October 28th, upon the filing of the petition and bond, although this petition was denied.

[1] If the cause was removable, the order of the circuit judge denying the petition would not affect its status. The state court would have lost jurisdiction, in so far as these two defendants are concerned, prior to the issuing of the injunctional order, and such order would be coram non judice and void. The only question, therefore, for decision upon this motion, is: Was the cause removed to this court prior to the making of said order?

The circuit judge denied the petition, and without entering into any reasons, for want of time, I am of opinion that the order of the circuit judge on the petition was correct. The motion to vacate the order of October 31, 1921, will therefore be denied.

[2] I now come to the petition of the complainants. By said petition it appears that certain papers therein mentioned, together with the depositions taken pursuant to commissions issued prior to December 3, 1921, are not included in the record filed December 31, 1921, in this court. I am of opinion that this cause was removed to this court December 3, 1921, and under the law all papers filed and proceedings in this cause in the state court prior to that date are properly a part of the record coming to this court.

The petition of complainants will therefore be granted.