## METROPOLITAN CASUALTY INSURANCE CO. *v.* STEVENS ET AL.

No. 425.   Argued February 13, 1941.—Decided March 17, 1941.

*Mr. Alan W. Boyd* for petitioner.

*Mr. B. A. Wendrow,* with whom *Mr. Archibald Broom-field* was on the brief, for Stevens, and *Mr. William E. Crane* for Northway et al., respondents. *Mr. Lloyd T. Crane* also entered an appearance for Northway et al.

MR. JUSTICE MURPHY delivered the opinion of the Court.

We are asked in effect to hold invalid a default judgment entered by a state court in a garnishment proceeding after it had denied a petition for removal to a federal district court. The principal questions are whether we may review an order of the federal district court remanding the suit to the court from which it was removed, and whether the latter court was free to disregard a disclosure filed in the federal court before the default judgment was entered. From the record the following appears:

On March 8, 1939, respondent obtained a writ of garnishment from a Michigan state court requiring petitioner to appear on or before March 31 and disclose whether it was liable to individuals against whom respondent had recovered a judgment. On March 28, petitioner filed an application and bond in the state court for removal of the proceeding to the proper federal district court. On April 4, the state court denied the application. On April 10, petitioner filed in the federal district court copies of all papers on record in the state court and its disclosure denying any liability to respondent or to the judgment debtors. The next day, respondent entered petitioner's default in the state court for failure to appear, and notified petitioner that respondent would move for judgment on April 17.

On April 15, petitioner notified respondent of its attempt to remove the suit notwithstanding the ruling of the state court. Respondent promptly moved to have the proceeding remanded, and on the same day the dis-

trict judge granted the motion. The remand order was filed in the state court on April 17. Respondent thereupon entered petitioner's default a second time, introduced evidence, and obtained a default judgment. On April 18, petitioner unsuccessfully moved to vacate the judgment. Appeal to the Michigan Supreme Court followed and the judgment was affirmed. 293 Mich. 31; 291 N. W. 211. Because it involved important questions concerning the removal statute (28 U. S. C. § 71), we brought the case here. 311 U. S. 637.

Petitioner contends that the garnishment proceeding was removable as a separable controversy and that the state court therefore was without jurisdiction to enter the default judgment. Further, petitioner contends in substance that the petition for removal when filed in the state court deprived that court of power to proceed with the cause, at least until the federal court had passed upon the question of removability, and that in all events the refusal of the state court to accord any legal effect to the disclosure filed in the federal district court while the petition for removal was pending there was a denial of a federal right given by the removal statute, *supra*. We cannot agree.

The case is ruled by *Yankaus* v. *Feltenstein,* 244 U. S. 127.[1] There we held that an order of a federal district court remanding the cause to the state court was not reviewable directly or indirectly, and affirmed the judg-

---

[1] Feltenstein and another brought suit in a state court against Yankaus on October 11, 1915. On October 16, Yankaus filed a petition for removal in the state court, and on October 20 filed copies of all papers on record in the state court and an answer in the federal court. On the latter date the state court denied his petition for removal, and on October 26 entered judgment against him. On November 15, the federal court remanded the cause, and two weeks later the state court denied a motion to vacate the judgment. The state appellate court subsequently dismissed an appeal.

ment of the state court even though it had been secured by default.[2] While the opinion does not expressly consider the effect of a petition for removal on subsequent proceedings in the state court, the clear import of the decision is that the proceedings are valid if the case was not in fact removable. See *Southern Pacific Co.* v. *Waite,* 279 F. 171; *Commodores Point Terminal Co.* v. *Hudnall,* 279 F. 606, 607; *First National Bank* v. *King Bridge Co.,* 9 Fed. Cas. 88.[3]

The rule that the remand order is not reviewable stems from § 28 of the Judicial Code (28 U. S. C. § 71) and from many decisions adjusting the relationship of state and federal courts and the scope of authority of each in cases sought to be removed from the former to the latter. The rule that proceedings in the state court subsequent to the petition for removal are valid if the suit was not in fact removable is the logical corollary of the proposition that such proceedings are void if the cause was removable. *Iowa Central Ry. Co.* v. *Bacon,* 236 U. S. 305; *Madisonville Traction Co.* v. *St. Bernard Mining Co.,* 196 U. S. 239; *Virginia* v. *Rives,* 100 U. S.

[2] It is not evident from the opinion that the judgment was taken by default, but this fact clearly appears in the record filed in this Court. Record, p. 7.

[3] See *Pearson* v. *Zacher,* 177 Minn. 182; 225 N. W. 9; *Roberts* v. *Chicago, St. P., M. & O. Ry. Co.,* 48 Minn. 521; 51 N. W. 478 (affirmed, 164 U. S. 703); *Tierney* v. *Helvetia Swiss Fire Ins. Co.,* 126 App. Div. 446; 110 N. Y. S. 613; *State* v. *American Surety Co.,* 26 Idaho 652; 145 P. 1097.

Compare *Iowa Central Ry. Co.* v. *Bacon,* 236 U. S. 305; *Madisonville Traction Co.* v. *St. Bernard Mining Co.,* 196 U. S. 239; *Stone* v. *South Carolina,* 117 U. S. 430; *Phoenix Ins. Co.* v. *Pechner,* 95 U. S. 183; *Winchell* v. *Coney,* 54 Conn. 24; 5 A. 354; *Tomson* v. *Traveling Men's Assn.,* 78 Neb. 400; 110 N. W. 997; *Golden* v. *Northern Pacific Ry Co.,* 39 Mont. 435; 104 P. 549; *Dahlonega Co.* v. *Hall Mdse. Co.,* 88 Ga. 339; 14 S. E. 473; *Bishop-Babcock Sales Co.* v. *Lackman,* 4 S. W. 2d 109.

313; *Phoenix Insurance Co.* v. *Pechner,* 95 U. S. 183; *Home Life Ins. Co.* v. *Dunn,* 19 Wall. 214; *Gordon* v. *Longest,* 16 Pet. 97.[4]

When a petition for removal to a federal court is denied by the state court, the petitioner may do one of three things. He may object to the ruling, save an exception, and litigate the cause in the state courts. *Iowa Central Ry. Co.* v. *Bacon, supra; Stone* v. *South Carolina,* 117 U. S. 430; *Baltimore & Ohio R. Co.* v. *Koontz,* 104 U. S. 5; *Removal Cases,* 100 U. S. 457; *Gordon* v. *Longest, supra.* He may remove the suit to the federal court despite the ruling of the state court. *Baltimore & Ohio R. Co.* v. *Koontz, supra; Kern* v. *Huidekoper,* 103 U. S. 485; *Home Life Ins. Co.* v. *Dunn, supra.* He may proceed in both courts at the same time. *Kern* v. *Huidekoper, supra; Removal Cases, supra.*

If the petitioner litigates the cause in the state court and preserves an exception, he may have the order of the state court denying his petition for removal reviewed in the state appellate court. In proper cases he may come here asserting a denial of his right of removal. *Iowa Central Ry. Co.* v. *Bacon, supra; Stone* v. *South Carolina, supra; Removal Cases, supra.* If he removes the cause to the federal district court despite the state court ruling and the federal court assumes jurisdiction over the objection of his adversary, the latter, after final judgment, may contest this assumption of jurisdiction in the circuit court of appeals, and in this court in proper cases. *Powers* v. *Chesapeake & Ohio Ry. Co.,* 169 U. S. 92; *Cates* v. *Allen,* 149 U. S. 451; *Graves* v. *Corbin,* 132

---

[4] See *Centaur Motor Co.* v. *Eccleston,* 264 F. 852; *City of Montgomery* v. *Postal Telegraph Co.,* 218 F. 471; *Donovan* v. *Wells, Fargo Co.,* 169 F. 363; *Murphy* v. *Payette Alluvial Gold Co.,* 98 F. 321; *Johnson* v. *Wells, Fargo Co.,* 91 F. 1; *Shepherd* v. *Bradstreet Co.,* 65 F. 142.

U. S. 571. If petitioner proceeds simultaneously in state and federal courts and both render final judgments, he and his adversary may obtain review of the question of removability by following respectively the courses just outlined. *Kern* v. *Huidekoper, supra; Removal Cases, supra.*

Petitioner is protected whichever course he elects. If he makes timely application for removal and properly objects to its denial by the state court, participation in subsequent proceedings in the state court is not a waiver of his claim that the cause should have been litigated in the federal court. *Powers* v. *Chesapeake & Ohio Ry. Co., supra; Removal Cases, supra; Home Life Ins. Co.* v. *Dunn, supra.* Compare *Miller* v. *Buyer,* 82 Colo. 474; 261 P. 659; *State* v. *American Surety Co.,* 26 Idaho 652; 145 P. 1097; *Ashland* v. *Whitcomb,* 120 Wis. 549; 98 N. W. 531. If he removes the cause notwithstanding the state court ruling, he may nevertheless resist further action by his opponent in the state court. *Kern* v. *Huidekoper, supra; Removal Cases, supra.*

However, the issue of removability is closed if the federal district court refuses to assume jurisdiction and remands the cause. Section 28 of the Judicial Code, *supra,* precludes review of the remand order directly (*Kloeb* v. *Armour & Co.,* 311 U. S. 199; *Employers Reinsurance Corp.* v. *Bryant,* 299 U. S. 374; *City of Waco* v. *U. S. Fidelity & Guaranty Co.,* 293 U. S. 140; *In re Pennsylvania Company,* 137 U. S. 451), or indirectly after final judgment in the highest court of the state in which decision could be had. *McLaughlin Brothers* v. *Hallowell,* 228 U. S. 278; *Missouri Pacific Ry. Co.* v. *Fitzgerald,* 160 U. S. 556; compare *Pacific Live Stock Co.* v. *Lewis,* 241 U. S. 440.

Here, petitioner attempted to remove the cause, as it had a right to do, even though the state court had denied its petition for removal. The federal court held it was

not removable as a separable controversy and remanded it to the state court. For the reasons already stated, we are not at liberty to review the remand order. Consequently, we must assume, so far as this case is concerned, that the suit was not removable. Having made this assumption, we must conclude that the state court had jurisdiction to enter the default judgment (*Yankaus* v. *Felterstein*, 244 U. S. 127; *Southern Pacific Co.* v. *Waite*, 279 F. 171), and it was for that court to determine the effect of the disclosure filed in the federal court. *Ayres* v. *Wiswall*, 112 U. S. 187; *Broadway Ins. Co.* v. *Chicago G. W. Ry. Co.*, 101 F. 507; compare *Tracy Loan & Trust Co.* v. *Mutual Life Ins. Co.*, 79 Utah 33; 7 P. 2d 279. If, in cases like the present one, the state court is assured that the federal court will decide promptly the question of removability, it is better practice to await that decision (*Chesapeake & Ohio Ry. Co.* v. *McCabe*, 213 U. S. 207; *Baltimore & Ohio R. Co.* v. *Koontz, supra*), but we cannot say that failure to do so is a denial of a federal right if the cause was not removable.

Accordingly, the judgment of the Michigan Supreme Court is

*Affirmed.*