of the several inferences was permissible, the party having the burden of proof must lose. Pennsylvania R. R. Co. v. Chamberlain, 288 U.S. 333, 339, 53 S.Ct. 391, 77 L.Ed. 819; Patton v. Texas & Pacific Ry. Co., 179 U.S. 658, 663, 21 S.Ct. 275, 45 L.Ed. 361; Goodrich v. United States, D.C., 5 F.Supp. 364, 365. Thus we cannot agree that the evidence supports a finding made by the court below, that the libellant contracted polio as a direct result of the respondent's negligence.

For the foregoing reasons the judgment below in favor of the libellant is reversed and the libel dismissed.

Max J. Gwertzman, New York City, for defendant-appellant.

Before CHASE, Chief Judge, CLARK, Circuit Judge, and BRENNAN, District Judge.

PER CURIAM.

Appeal dismissed. Title 28 U.S.C. § 1447(d). Metropolitan Casualty Co. v. Stevens, 312 U.S. 563, 565, 61 S.Ct. 715, 85 L.Ed. 1044.

## McKAY PACKERS, Inc., v. FIREMEN'S INS. CO. OF NEWARK, N. J., et al.
### No. 58, Docket 22797.

United States Court of Appeals Second Circuit.

Argued Nov. 2, 1953.

Decided Nov. 6, 1953.

Finkelstein & Robinson, Schneider & Lichtenstein, New York City, of counsel, for plaintiff-appellee.

## RENUZIT HOME PRODUCTS CO.
### v.
## GENERAL MILLS, Inc.
### No. 11107.

United States Court of Appeals, Third Circuit.

Argued Nov. 3, 1953.

Decided Nov. 19, 1953.

