Filed 5/28/26  Evaristo v. Dumlao CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| JOSEPH EVARISTO et al., as Trustees, etc., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> AINA DUMLAO et al., <br><br> Defendants and Appellants. | B345651 <br><br> (Los Angeles County Super. Ct. No. 24STCV10207) <br><br> ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed on May 27, 2026 be modified as follows:

On page 1, line 2, following the caption, the trial judge's last name is corrected to "Bensinger."

There is no change in the judgment.

_____

WEINGART, J.          BENDIX, Acting P. J.          M. KIM, J.

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOSEPH EVARISTO et al., as Trustees, etc., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> AINA DUMLAO et al., <br><br> Defendants and Appellants. | B345651 <br><br> (Los Angeles County Super. Ct. No. 24STCV10207) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kerry Bensinger, Judge.  Affirmed.

Aina Dumlao and Bru Miller, in pro. per., for Defendants and Appellants.

SNS Law Group and Edrin Shamtob for Plaintiffs and Respondents.

_____

Aina Dumlao and Bru Miller (collectively, tenants) appeal from a judgment against them in an unlawful detainer case. Tenants contend the superior court erred in proceeding with a bench trial after they filed a second attempt to remove the case to federal court on the eve of that trial. We find no error and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 2014, tenants leased a housing unit owned by the Evaristo Family Trust. In 2024, Joseph and Catherine Evaristo, as trustees of the trust (collectively, landlord), brought an unlawful detainer action against tenants seeking among other things possession of the unit, $57,000 in unpaid rent, and any holdover damages that might accrue while the case was pending.

After tenants' initial attempts at derailing the case failed, the superior court held a trial setting conference on October 3, 2024. Counsel representing Dumlao was present; Miller failed to appear. Dumlao requested a jury trial, and the court ordered jury fees posted by October 9, 2024. The court set a final status conference for October 10 and set trial for October 14, 2024.

Tenants then sought to delay the trial through various procedural machinations. On October 7, 2024, Miller filed a bankruptcy petition. On November 21, 2024, the bankruptcy court lifted the automatic stay. On December 3, 2024, Dumlao sought to remove the unlawful detainer case to federal court, claiming the case presented a federal question. On January 6, 2025, the district court remanded the matter to the superior court for lack of federal jurisdiction. The district court's order, which was served upon tenants, stated "[t]he law is clear that '[u]nlawful detainer actions are strictly within the province of state court.'"

2

On January 23, 2025, the court held a status conference at which counsel for both tenants were present. The day before that status conference, Dumlao posted jury fees. The court set both the final status conference and the trial for February 3, 2025. The court ordered a bench trial, ruling that tenants had waived their jury right by untimely posting jury fees after the court-ordered date to do so.

Faced again with an impending trial date, tenants filed a second notice of removal to federal court on January 31, 2025 (the Friday before trial was to begin on the following Monday). Tenants again claimed there was federal jurisdiction because the unlawful detainer case presented a federal question.

On February 3, 2025, tenants failed to appear for the final status conference and trial. Nor did any counsel appear on their behalf. The superior court determined that it had jurisdiction to proceed under the "narrow exception to the general rule that state courts lose jurisdiction when a case is removed to federal court" where there is a second attempt at removal that is "frivolous" and "doomed from the outset." (*ClipperJet Inc. v. Tyson* (2019) 38 Cal.App.5th 521, 526, 529.) The court found tenants had waived their right to a jury trial both by Dumlao posting jury fees late and by failing to appear for trial. The court then conducted a bench trial at which it heard from witnesses and admitted exhibits into evidence. Based on the evidence presented, the court awarded landlord possession of the unit and ordered tenants to pay various amounts in past due rent and holdover damages. The court entered judgment in landlord's favor on February 14, 2025.

On February 19, 2025, the district court issued an order stating again that there was no basis to remove the case to

3

federal court and that it was "clear that this court does not have jurisdiction over the instant matter."

Tenants thereafter timely appealed the judgment.

## DISCUSSION

Tenants argue we should reverse because the superior court lacked jurisdiction to proceed after they filed their second notice of removal to federal court. To the extent the superior court did have jurisdiction to proceed, tenants argue the court denied them due process because they had no notice the court intended to proceed with trial on February 3, 2025 despite the notice of removal, and because the court denied them a jury trial.

Landlord initially contends that tenants have forfeited their challenges because the appellate record supplied by tenants is incomplete as there is no reporter's transcript or settled statement for any of the court proceedings. We disagree. Tenants' challenges are procedural, not evidentiary, and the record is adequate for us to address them.

Tenants' second attempt to remove the case to federal court on the eve of trial did not deprive the superior court of jurisdiction to proceed. "[P]roceedings in the state court subsequent to the petition for removal are valid if the suit was not in fact removable." (*Metropolitan Casualty Ins. Co. v. Stevens* (1941) 312 U.S. 563, 566 [61 S.Ct. 715, 85 L.Ed. 1044].) Although *Metropolitan Casualty* was decided before the removal statute was amended into its current form, courts have concluded its holding remains good law and that there continues to be "a narrow exception providing that a state court retains jurisdiction where the removal notice is frivolous or duplicative." (*ClipperJet Inc. v. Tyson*, *supra*, 38 Cal.App.5th at pp. 527-528 [citing cases from Colorado, New York, North Dakota, and Oklahoma].)

4

Concluding Congress did not intend " 'to allow a defendant to repeatedly file notices of removal and endlessly delay state court proceedings' " (*id*. at p. 529), *ClipperJet* agreed with these other courts and "recognize[d] a narrow exception to the general rule that state courts cannot proceed further when a defendant removes the case" "where there is a frivolous or duplicative notice of removal." (*Id*. at p. 528.)

Tenants claim their second notice of removal was not duplicative because the arguable federal questions identified in their two removal notices differed. Even if we assume for the sake of argument this somehow distinguishes the two notices, the second notice was itself frivolous. What's more, tenants knew or should have known that it was frivolous. The district court had already stated no federal jurisdiction existed to hear the case and had told tenants (through its first remand order) that unlawful detainer matters " 'are strictly within the province of state court.' " Tenants nevertheless filed a second notice of removal. As tenants have never made a colorable argument that federal jurisdiction existed, and the second removal attempt was frivolous, the superior court did not err in finding the exception set forth in *ClipperJet* applied.

Because the superior court had jurisdiction to proceed with the trial, we may quickly dispense with tenants' two other contentions. The superior court indisputably provided notice to tenants on January 23, 2025 that trial would commence on February 3, 2025. As the superior court never lost jurisdiction of the case as a result of the frivolous second attempt at removal, that trial date remained. Tenants' failure to appear at trial was based on their own strategic choice, not a lack of notice, and the

5

superior court was not required to provide additional and cumulative notice that trial was still set for February 3rd.

Tenants' failure to appear also means the court did not err in holding a bench trial. Regardless of whether the court erred by striking the jury request for failure to comply with the order about when Dumlao was to post fees, "[a] party waives trial by jury . . . [¶] . . . [b]y failing to appear at the trial." (Code Civ. Proc., § 631, subd. (f)(1).) As the court correctly held, tenants' failure to appear at the trial independently justified the court proceeding without a jury.

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

BENDIX, Acting P. J.

M. KIM, J.

6