786 So.2d 4 (2000)
Elwood J. HUNNEWELL, Jr., Petitioner,
v.
PALM BEACH COUNTY, Palm Beach County Code Enforcement Board, Respondents.
No. 4D99-4313.
District Court of Appeal of Florida, Fourth District.
October 11, 2000.
Opinion on Rehearing May 9, 2001.
Elwood J. Hunnewell, Jr., Loxahatchee, pro se.
Dawn S. Wynn, Assistant County Attorney, West Palm Beach, for respondents.
WARNER, C.J.
Petitioner, Elwood J. Hunnewell, Jr., seeks certiorari review of a circuit court's appellate decision entered while a notice of removal to federal court was pending. He claims that the decision entered during removal was absolutely void. Because the removal to federal court was improper, the court's decision was not void. We therefore deny the petition.
In Wilson v. Sandstrom, 317 So.2d 732, 740 (Fla.1975), the supreme court declared that "[w]hen removal is shown to be improper the State court's actions are not void." Wilson cited with approval the United States Supreme Court's decision in Metropolitan Casualty Ins. Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044 (1941), for the proposition that proceedings subsequent to removal "are valid if the suit was not in fact removable." Wilson, 317 So.2d at 740-41 (emphasis added). In the instant case, the removal petition was filed three days before the oral argument on appeal to the circuit court of the county court action, and the federal court lacked jurisdiction to take it up. The court remanded the case to the circuit court several days after the appellate decision was rendered, finding no legal basis for the exercise of federal jurisdiction.
Although in Heilman v. Florida Department of Revenue, 727 So.2d 958 (Fla. 4th DCA 1998), we quoted from Farm Credit Bank of St. Paul v. Rub, 481 N.W.2d 451, *5 456 (N.D.1992), for recognizing that there "is all but unanimity on the proposition ... that a state court adjudication, while a removal petition is pending in federal court, is void, even if the federal court subsequently determines that the case is not removable," Rub cites Wilson as contrary to that rule. See Rub, 481 N.W.2d at 456. In any event, as we relied on Rub for establishing a limited exception to its general rule, Heilman is not inconsistent with Wilson.
Petitioner cites to Remova Pool Fence Co. v. Roth, 647 So.2d 1022 (Fla. 4th DCA 1994), which relies on Maseda v. Honda Motor Co., 861 F.2d 1248 (11th Cir.1988). However, in both cases removal was proper, even though the federal court ultimately remanded to the state court. Therefore, both cases are distinguishable from this case of improper removal.
Based upon Wilson, we deny the petition.
STEVENSON, J., concurs.
STONE, J., dissents with opinion.
STONE, J., dissenting.
I would grant the petition and quash the order entered while the notice of removal remained pending in the district court. I do not read Wilson as granting trial courts carte blanche to continue to act, notwithstanding suspension of state jurisdiction during pendency of the district court petition, thereby requiring the petitioning party to actively participate in the final state court proceedings while the removal petition remains under active consideration. In my judgment, the emphasis that the Wilson opinion places on the nature of the issue (violation of a temporary injunction) and the timing of the federal and state court actions (the cause was remanded at 5:55 and the injunction entered at 6:10) indicates that the supreme court did not intend to validate all final action taken by trial courts while jurisdiction was suspended pending the removal decision.

ON MOTION FOR REHEARING
WARNER, C.J.
Petitioner, Elwood Hunnewell, Jr., seeks rehearing, contending that Metropolitan Casualty Insurance Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044 (1941), is no longer good law, as it was decided prior to substantial changes in the federal code regarding removal of actions to federal court. Although it is true that the federal statute changed substantially in 1948, after the Metropolitan Casualty Insurance Co. decision, Wilson v. Sandstrom, 317 So.2d 732 (Fla.1975), which was decided after the changes in the code, relied on Metropolitan Casualty Insurance Co., and has not been overruled.
We acknowledge that across the country there is a split of authority as to whether state court action is void after the filing of a notice of removal. See Farm Credit Bank of St. Paul v. Rub, 481 N.W.2d 451, 456-57 (N.D.1992) (and cases cited therein). However, even in Rub, the North Dakota court adopted a limited exception to the general rule that state court action is "void" after the removal petition is filed. See id. at 457. The court determined that where a second removal petition is filed, state action will not be void so long as the second petition is based upon the same grounds as the previously denied petition. The court expanded this exception in Farm Credit Bank of St. Paul v. Ziebarth, 485 N.W.2d 788, 791 (N.D.1992), to permit state court action where the second petition is "insufficient on its face to raise even a colorable claim of diversity jurisdiction." Thus, even in states propounding the rule of voidness, exceptions have been carved out.
*6 In Weatherly v. North American Van Lines, 440 So.2d 518, 519 (Fla. 4th DCA 1983), we cited with approval to 76 C.J.S. Removal of Causes § 221, at 1088 which states:
If, on the other hand, on the face of the petition for removal and the record the cause appeared to be removable, and a sufficient bond was filed, where that was requisite, it was the duty of the state court to recognize the removal and proceed no further but to yield jurisdiction to the federal court, the state court having no discretion in the matter; subsequent proceedings therein, or a judgment entered, or a subsequent order made or refused by it, except the order of removal, was void and it should not resume consideration of the cause unless and until it should finally be decided in the courts of the United States that the cause was not removable.
The converse of that statement is that if on the face of the petition absolutely no colorable claim for removal is made, then the state court need not recognize the removal.
In the instant case, petitioner sought to remove to federal court his appeal to the state circuit court sitting in its appellate capacity. Moreover, he sought to do this after all the briefs were filed and on the basis of alleged flaws in the proceedings below, which he claimed were fundamentally unfair and denied him due process of law. On its face, there is absolutely no colorable claim that an appeal from a final judgment may be removed to federal court at any time and certainly not on the grounds alleged.
We recognize the competing views and the conflicting cases, even within our own state. See, e.g., Gunning v. Brophy, 746 So.2d 468 (Fla. 2d DCA 1997); Maidman v. Jomar Hotel Corp., 384 So.2d 728 (Fla. 3d DCA 1980). Nevertheless, we follow the supreme court's decision in Wilson and deny the petition for rehearing. We certify conflict with Gunning and Maidman.
STEVENSON, J., concurs.
STONE, J., dissents with opinion.
STONE, J., dissenting.
As indicated in my initial dissent, I would grant the petition and quash the order entered while the matter was pending in the district court.