NO. 4-01-0998

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE ILLINOIS LICENSED BEVERAGE ASSOCIATION, INC., an Illinois Not-for-Profit Corporation, Individually and on Behalf of its Members,

Plaintiff-Appellee,

v.

ADVANTA LEASING SERVICES, a Division of Advanta Bank Corporation; MARK B. BALOTTI; RENEE RICHAU; LINDELL LARRY BITTLE; PAUL RIBAU; MARK LEWIS; TOM DOUGHERTY; and PAT GALVIN,

Defendants-Appellants,

and

PREFERRED CAPITAL, INC.; MARLIN LEASING CORPORATION; QL CAPITAL, INC.; LIBERTY LEASING COMPANY, a Division of Commercial Federal Bank,

Defendants.

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of

Sangamon County

No. 01MR255

Honorable

Robert J. Eggers,

Judge Presiding.

_________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

Section 2-1001(a)(2)(ii) of the Code of Civil Procedure (Code) provides that a party's motion for substitution of judge as of right must be granted if the motion "is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case."  735 ILCS 5/2-1001(a)(2)(ii) (West 2000).  In this case, we consider whether a trial court's ruling, made at a time the court was without jurisdiction to act, meets the criteria of section 2-1001(a)(2)(ii) of the Code, so as to preclude a party after that ruling from obtaining the substitution of judge.  We hold that it does not.

I. BACKGROUND

In May 2001, plaintiff, the Illinois Licensed Beverage Association (ILBA), on behalf of itself and its members, filed a complaint for declaratory and injunctive relief and damages against (1) JRA 222 Corporation, d/b/a Credit Card Center (CCC); (2) Information Leasing Corporation and defendants Advanta Leasing Services (Advanta), Preferred Capital, Inc., Marlin Leasing Corporation, QL Capital, Inc., and Liberty Leasing Company (collectively, leasing companies); and (3) individual defendants, Mark B. Balotti, Renee Richau, Lindell Larry Bittle, Paul Ribau, Mark Lewis, Tom Dougherty, and Pat Galvin.

In June 2001, CCC filed a bankruptcy petition under chapter 11 of title 11 of the United States Code (Bankruptcy Code) (11 U.S.C. §1101 
et
 
seq
. (2000)).  On July 9, 2001, ILBA filed in Sangamon County circuit court (trial court) a motion for a preliminary injunction against the leasing companies, seeking, in pertinent part, to enjoin the leasing companies from taking legal action against any of ILBA's members with whom the leasing companies had entered contracts for the rental of automated teller machines (ATMs).  On July 17, 2001, Advanta filed in the trial court a notice stating that the case had been removed to the United States Bankruptcy Court (bankruptcy court).  Following a July 18, 2001, hearing, the trial court granted ILBA's motion for a preliminary injunction.

Later that month, the bankruptcy court entered an order declaring void any actions the trial court had taken after the July 17, 2001, filing of the removal notice.  In August 2001, ILBA voluntarily dismissed CCC as a defendant.  On September 5, 2001, the bankruptcy court remanded the case to the trial court, upon finding that, in light of CCC's dismissal, it no longer had jurisdiction.

On September 11, 2001, ILBA filed a motion to reinstate the trial court's July 18, 2001, preliminary injunction.  On September 19, 2001, before the court ruled on ILBA's motion, Advanta filed a motion for substitution of judge as of right pursuant to section 2-1001(a)(2) of the Code (735 ILCS 5/2-1001(a)(2) (West 2000)).  In October 2001, the court denied Advanta's motion for substitution of judge, and in November 2001, the court entered another order granting a preliminary injunction against the leasing companies.

On appeal, Advanta argues that the trial court (1) erred by denying its motion for substitution of judge as of right; and (2) abused its discretion by granting ILBA's motion for a preliminary injunction because (a) ILBA failed to satisfy the requirements for a preliminary injunction, (b) the agreements between ILBA members and the leasing companies under which the dispute arose provide that such disputes shall be resolved in New Jersey court; and (c) ILBA lacked standing to sue and failed to name necessary parties.  Because we agree with Advanta's first argument, we reverse and remand for further proceedings.

A. The Nature of the Parties and the Initial Complaint

According to ILBA's May 2001 complaint, ILBA is a nonprofit association whose members principally consist of restaurants, bars, liquor stores, fraternal clubs, and recreational facilities that sell alcoholic beverages to the public.  In September 1999, ILBA entered into an agreement with CCC, which provided, in pertinent part, that (1) CCC would pay ILBA $200 for each ATM it sold or leased to ILBA members, plus five cents per transaction on all such ATMs; (2) CCC would pay ILBA members 90% of the "total swipe surcharge" at their respective ATMs, instead of the standard 85%; and (3) in exchange, ILBA would (a) grant CCC exclusive rights to solicit its members to buy or lease ATMs for use on their premises, and (b) provide CCC with a list of its members.

ILBA's complaint alleged that between September 1999 and March 2001, CCC's representatives, including Balotti, Richau, Bittle, Ruhan, and Lewis, communicated to ILBA members that if they agreed to lease an ATM from CCC for $269 per month, they would be guaranteed to receive $264 per month from advertising and transaction fees, plus $1.35 each time the ATM was used.  In reliance on such representations, over 100 ILBA members entered "Merchant Processing Agreements" and "ATM Advertising Agreements" with CCC.  CCC representatives also obtained ILBA members' signatures on separate agreements for the lease of the ATMs.  Although the ILBA members believed they were entering into lease agreements with CCC, they were in fact entering into leases with one of the leasing companies.   

In August 2000, CCC started failing to make payments to ILBA and ILBA's members.  Because the ILBA members' equipment leases were not with CCC, the members were bound to continue to pay their lessors $269 per month, even though they were not receiving any of the money they had been guaranteed under their agreements with CCC.  

ILBA's complaint further alleged that CCC had fraudulently induced ILBA members to enter lease agreements with the leasing companies.  As relief, ILBA requested that the trial court (1) declare the equipment leases null and void; (2) enjoin the leasing companies from enforcing any default or collection of any lease payments from ILBA members until final resolution of the case on the merits; and (3) award damages for breach of contract and common-law fraud and deceit.  (At some point after ILBA filed its complaint, it voluntarily dismissed as defendants Information Leasing Corp., Marlin Leasing Corporation, and Liberty Leasing Company.)

In June 2001, CCC filed a bankruptcy petition under chapter 11 of the federal Bankruptcy Code (11 U.S.C. §1101 
et
 
seq
. (2000)). 

B. The Preliminary Injunction Proceedings

On July 9, 2001, ILBA filed a motion for a preliminary injunction, requesting that the trial court (1) enjoin the leasing companies from declaring defaults under the equipment leases or continuing any litigation against ILBA's members pending resolution on the merits; and (2) authorize ILBA members to deposit unpaid outstanding lease payments into an escrow account subject to the court's ongoing jurisdiction.

On July 17, 2001, Advanta filed its notice of removal to the bankruptcy court.  At a July 18, 2001, hearing on ILBA's motion for a preliminary injunction, Advanta objected to the trial court's jurisdiction based on the removal to bankruptcy court.  The trial court denied Advanta's objection and proceeded on ILBA's motion for a preliminary injunction.  After considering the parties' arguments on the merits, the court granted ILBA's motion.

C. Action in the Bankruptcy Court

In July 2001, Advanta filed in the bankruptcy court a motion to vacate the trial court's July 18, 2001, preliminary injunction order.  On July 31, 2001, the bankruptcy court entered an order declaring that any action taken in the trial court after July 17, 2001, including that court's July 18, 2001, order, was void and a nullity.  The bankruptcy court's order stated, in pertinent part, as follows: 

"After hearing the arguments of counsel, the [c]ourt finds this case was removed from the Sangamon County [c]ircuit [c]ourt to the U.S. Bankruptcy Court for the Central District of Illinois on July 17, 2001.  The [c]ourt further finds that pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure, the removal of the case was effected upon the filing of the [n]otice of [r]emoval in the Sangamon County [c]ircuit [c]ourt on July 17, 2001.  The [c]ourt further finds that any action in the case by the Sangamon County [c]ircuit [c]ourt after the case was removed on July 17, 2001[,] to the U.S. Bankruptcy Court for the Central District of Illinois was void and is a nullity.  Specifically, the [c]ourt further finds that the [p]reliminary [i]njunction entered by the Sangamon County [c]ircuit [c]ourt on July 18, 2001, after the case was removed to the U.S. Bankruptcy Court for the Central District of Illinois, was void and is a nullity.

The [c]ourt hereby orders that the rights and remedies available to the parties prior to the entry of the [p]reliminary [i]njunction on July 18, 2001[,] are restored without waiver of any rights and remedies available to the parties.  The court further orders that the escrow account ordered by the Sangamon County [c]ircuit [c]ourt to serve as a depository for the deposit of lease payments to the [d]efendants be closed and the funds distributed to the [d]efendants in accordance with the lease agreements between the parties.  The [c]ourt further orders, pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure, that the parties proceed no further in the Sangamon County [c]ircuit [c]ourt in this case until further order of the [c]ourt."

On August 24, 2001, ILBA voluntarily dismissed CCC as a defendant in this case.  On September 5, 2001, the bankruptcy court remanded the case to the trial court, upon finding that based on CCC's dismissal as a party defendant, the bankruptcy court no longer had jurisdiction over the case.

D. Trial Court Action After Bankruptcy Court Remand

On September 11, 2001, ILBA filed in the trial court a motion seeking to reinstate the court's July 18, 2001, preliminary injunction order.  Advanta objected on the ground that it had appealed the bankruptcy court's September 5, 2001, remand order.  (In March 2002, the United States District Court for the Central District of Illinois affirmed the bankruptcy court's remand order (No. 01-3358, March 14, 2002).)

On September 19, 2001, Advanta filed in the trial court a motion for substitution of judge as of right, pursuant to section 2-1001(a)(2) of the Code (735 ILCS 5/2-1001(a)(2) (West 2000)).  Following an October 4, 2001, hearing, the court entered an order (1) denying Advanta's motion for substitution of judge as of right, and (2) enjoining Advanta from prosecuting any action against ILBA members, effective through October 11, 2001, the date set for a hearing on ILBA's preliminary injunction motion.  

In November 2001, the trial court entered another order granting a preliminary injunction against the leasing companies.  The court also ordered that Advanta "shall take no action to obtain a judgment against any of the ILBA members on the leases, and all payments on the leases shall be placed in an escrow account pending further order by the [c]ourt."  This appeal followed.

II. ANALYSIS

A. Motions for Substitution of Judge as of Right 

Under Section 2-1001(a)(2) of the Code

Civil litigants in Illinois are entitled to one substitution of judge without cause as a matter of right.  735 ILCS 5/2-1001(a)(2)(i) (West 2000).  The trial court must grant a party's motion for substitution of judge as of right if the motion "is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case." 
 735 ILCS 5/2-1001(a)(2)(ii) (West 2000); 
Rodisch v. Commacho-Esparza
, 309 Ill. App. 3d 346, 350, 722 N.E.2d 326, 329 (1999).  Section 2-1001(a)(2) of the Code is "to be liberally construed, and where the conditions are met, the trial court has no discretion to deny the request unless it is shown that the motion was made simply to delay or avoid trial."  
Sahoury v. Moses
, 308 Ill. App. 3d 413, 414, 719 N.E.2d 1157, 1158 (1999)
.  Since the trial court has no discretion to deny a proper motion for substitution of judge as of right, the issue of whether there has been a ruling on a substantial issue in the case presents a question of law and our review is 
de
 
novo
.  
Rodisch
, 309 Ill. App. 3d at 350, 722 N.E.2d at 329.  Orders entered after a motion for substitution of judge has been improperly denied are void.  
Jiffy Lube International, Inc. v. Agarwal
, 277 Ill. App. 3d 722, 727, 661 N.E.2d 463, 467 (1996); see also 
Scroggins v. Scroggins
, 327 Ill. App. 3d 333, 336, 762 N.E.2d 1195, 1198 (2002).

B. Advanta's Motion for Substitution of Judge as of Right

Advanta argues that the trial court erred by denying its motion for substitution of judge as of right.  Specifically, Advanta contends that although the court's July 18, 2001, preliminary injunction order was a substantial order that would ordinarily preclude its granting a motion for substitution of judge as of right, in this case it should not have been the basis for denying Advanta's motion because it was entered when the trial court did not have jurisdiction and, thus, was void and a nullity.  ILBA responds that the court properly denied Advanta's motion for substitution of judge as of right because (1) the preliminary injunction order manifested the court's position on issues in the case, and (2) granting the motion would allow Advanta to forum shop.  We agree with Advanta.

Upon the filing of a sufficient removal petition, the state court's jurisdiction immediately and totally ceases and that of the federal court immediately attaches.  After such removal, only the federal court can restore jurisdiction to the state court.  
Moubry v. Kreb
, 58 F. Supp. 2d 1041, 1047 (D. Minn. 1999).  When the cause appears to be removable, it is "the duty of the state court to recognize the removal and proceed no further" and to yield jurisdiction to the federal court.  The state court has no discretion in the matter, and subsequent proceedings therein, except for the order of removal, are void.  The state court should not resume consideration of the cause unless and until it is finally decided in the federal court that the cause was not removable.  
Hunnewell v. Palm Beach County
, 786 So. 2d 4, 5-6 (Fla. App. 2000), citing 76 C.J.S. 
Removal of Causes
 §221, at 1088.  Some federal courts hold that a state court's orders entered after removal are void even if it is later determined that the removal was not proper.  See, 
e.g.
, 
Hyde Park Partners, L.P. v. Connolly
, 839 F.2d 837, 842 (1st Dist. 1988); 
Hunnewell
, 786 So. 2d at 5 (noting a split of authority on the question).

In this case, because the removal took effect on July 17, 2001, the trial court was without jurisdiction to conduct the July 18, 2001, hearing on ILBA's motion for preliminary injunction.  Therefore, the court's preliminary injunction order is void.  As the bankruptcy court explained in its July 31, 2001, order, the parties were entitled to all the rights and remedies which were available to them before the trial court's July 18, 2001, preliminary injunction order was entered.  See 
Siddens v. Industrial Comm'n
, 304 Ill. App. 3d 506, 511, 711 N.E.2d 18, 21 (1999) (a judgment entered by a court lacking subject-matter jurisdiction is void and a void order is "a complete nullity from its inception and has no legal effect"); 
National Bank of Monmouth v. Multi National Industries, Inc.
, 286 Ill. App. 3d 638, 640, 678 N.E.2d 7, 9 (1997) (void orders do not change the status of a case).  Accordingly, when the federal court remanded the case to the trial court, Advanta was entitled to a substitution of judge as of right under section 2-1001(a)(2) of the Code.  735 ILCS 5/2-1001(a)(2) (West 2000).

ILBA nevertheless contends that the trial court properly denied Advanta's motion for substitution of judge as of right because Advanta allegedly engaged in "forum shopping" when it knowingly filed a defective removal petition and then "tested the waters" by appearing at the July 18, 2001, hearing to defend against ILBA's motion for a preliminary injunction, all the while knowing that the case would be remanded to the trial court.  ILBA's contention is belied by the fact that Advanta defended against ILBA's motion on the merits only after objecting to the trial court's jurisdiction.  In addition, the bankruptcy court did not remand the case due to a deficiency in the removal.  Rather, it remanded the case after ILBA dismissed CCC as a defendant, which left the bankruptcy court without jurisdiction over the remaining parties, none of which were bankruptcy debtors.

Moreover, a movant's right to substitution of judge as of right is absolute, and the trial court does not have discretion to consider whether the movant had an opportunity to "test the waters."  See 
Scroggins
, 327 Ill. App. 3d at 336, 726 N.E.1d at 1198 (holding that the current version of section 2-1001(a)(2) of the Code does not require consideration of the movant's motivation or opportunity to "test the waters"). 

We are similarly unpersuaded by ILBA's contention that  Advanta forfeited the right to object to the trial court's jurisdiction at the July 18, 2001, hearing by appearing and arguing against ILBA's motion for preliminary injunction on the merits.  All of the cases ILBA cites in support of this argument relate to personal jurisdiction, not subject-matter jurisdiction.  
Segers v. Industrial Comm'n
, 191 Ill. 2d 421, 427, 732 N.E.2d 488, 492 (2000). 

Because the trial court's July 18, 2001, preliminary injunction order is void and a nullity, it cannot be considered a "substantial ruling" in the case under section 2-1001(a)(2)(ii) of the Code, and the court erred by denying Advanta's motion for substitution of judge as of right.  Accordingly, we reverse the court's order denying Advanta's motion for substitution of judge as of right.  We also reverse the court's October and November 2001 orders granting ILBA injunctive relief.  See 
Scroggins
, 327 Ill. App. 3d at 336, 762 N.E.2d at 1198 (reversing the trial court's orders entered after it improperly denied a motion for substitution of judge as of right).  

In light of our decision on this issue, we need not address Advanta's other claims of error.

III. CONCLUSION

For the reasons stated, we reverse the trial court's orders (1) denying Advanta's motion for substitution of judge as of right and (2) granting ILBA injunctive relief, and we remand for further proceedings.

Reversed and remanded.

KNECHT and COOK, JJ., concur.