ANTHONY T. GAY, Inmate No. B62251, Plaintiff-Appellant, v. R. SHELTON FREY et al., Defendants-Appellees.

Fifth District    No. 5—07—0561

Opinion filed March 13, 2009.

Anthony T. Gay, of Tamms, appellant *pro se*.

Craig L. Unrath and Karen L. Kendall, both of Heyl, Royster, Voelker & Allen, of Peoria, and Theresa M. Powell, of Springfield, for appellee Marvin Powers.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Elaine Wyder-Harshman, Assistant Attorney General, of counsel), for other appellees.

JUSTICE SPOMER delivered the opinion of the court:

When basic, ministerial tasks are not competently performed, otherwise routine matters turn into problems. This case illustrates what happens when pleadings are not timely file-stamped and placed into the court file by the circuit clerk's office. The plaintiff, Anthony T. Gay, inmate No. B62251 in the Department of Corrections (Department), appeals from the September 24, 2007, order of the circuit court of Alexander County that denied his motion to vacate the circuit court's prior order dismissing his complaint for *mandamus* relief on the motions of the defendants, R. Shelton Frey, the warden of Tamms Correctional Center (Tamms), correctional officers Alan Reagan, John Branch, Homer Markel, and Charles Roper, clinical psychologist Kelly Rhodes, and Marvin Powers, M.D. The plaintiff seeks the reversal of the circuit court's order and the remand of the case to the circuit court for further proceedings.

The caption of the case has been amended by the court to include the plaintiff's middle initial and his inmate identification number as an aid in identification.

## FACTS

The plaintiff is an inmate at the supermax prison in Tamms. On April 18, 2006, the plaintiff filed a *pro se* complaint for *mandamus* relief pursuant to section 14—101 *et seq.* of the Code of Civil Procedure (Code) (735 ILCS 5/14—101 *et seq.* (West 2004)). He asserted that he was entitled to an order of *mandamus* directing the defendants to remove him from controlled-feeding status, ordering them to impose controlled-feeding status only for food-related transgressions, and ordering them to provide him with medical treatment by a nurse outside of his cell for self-inflicted cuts to his penis and inner thighs. He also sought monetary damages and orders from the court mandating either the discontinuation or the limitation by the Department of the controlled-feeding policy and the cessation of disciplinary restrictions on medical care in the prison.

On June 5, 2006, defendants Frey, Reagan, Branch, Markel, Roper, and Rhodes moved pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West 2006)) to dismiss the complaint for the failure to state a cause of action for *mandamus* relief. Defendant Powers moved separately pursuant to section 2—615 of the Code to dismiss the complaint for a failure to state a cause of action. The Honorable Mark H. Clarke, apparently unaware of a motion to substitute him from the case, dismissed the complaint in a written order. The circuit court's order was file-stamped by the circuit clerk's office on June 27, 2006. However, the plaintiff's motion for a substitution of judge as of right pursuant to section 2—1001(a)(2) of the Code (735 ILCS 5/2—1001(a)(2) (West 2006)) was also file-stamped by the circuit clerk's office on June 27, 2006; yet it was not presented to Judge Clarke.

Ordinarily, there would be no way to ascertain when the motion for a substitution of judge was actually received by the circuit clerk's office, because the file mark does not reflect the time of the filing, but only the date of the filing. However, it is clear from a review of the docket sheet that the circuit clerk's office originally made an entry recording the plaintiff's filing of a motion for a substitution of judge prior to making an entry for the order of dismissal. Although the motion for a substitution of judge is clearly file-stamped June 27, 2006, it is worth noting that, somehow, the date for the docket entry was originally June 26, 2006. The number seven was then written over the number six to change the date to June 27, 2006. It is also clear from the docket sheet that the circuit clerk's office attempted to use correc-

tion fluid to change the entry for the motion for a substitution of judge to an entry for the order of dismissal. The entry for the motion for a substitution of judge was then placed on the docket sheet below the order of dismissal.

Another troubling aspect of this case is the fact that the parties did not receive notice of the order of dismissal for several months following the entry of the order. In fact, defendant Powers filed responses to the plaintiff's pleadings in both July and August, well after the case had been dismissed. In addition, although the case had been dismissed, the court granted the plaintiff's motion for a substitution of judge on August 3, 2006. The case was assigned to the Honorable William J. Thurston.

On November 9, 2006, the circuit clerk's office received, *inter alia*, a motion to vacate the dismissal of the plaintiff's complaint. This is borne out by a file-stamped pleading of that date. However, a review of the record indicates that the plaintiff's motion to vacate was not docketed or placed in the court file. In December 2006, Judge Thurston received an *ex parte* communication from the plaintiff in which he sought a hearing on his *mandamus* complaint. Judge Thurston made a docket sheet entry that reflected the immediate history of the case, and he found that there were no pending matters before the court. The clerk sent a copy of the docket sheet to the parties. In February 2007, the plaintiff asked the court to review motions that he believed were still pending. On March 28, 2007, Judge Thurston denied the plaintiff's March 2, 2007, petition for *habeas corpus ad testificandum* in a docket sheet entry that again noted that nothing was pending before the court.

On September 24, 2007, Judge Thurston reviewed the court file in response to various communications from the plaintiff about motions that he believed had not been properly handled by the circuit clerk or addressed by the court. The November 9, 2006, motions were finally brought to the attention of the judge. The motion to vacate stated that it was being brought pursuant to section 2—1203 of the Code (735 ILCS 5/2—1203 (West 2006)), but it also stated that at the time the case was dismissed, the plaintiff had on file a motion for a substitution of judge as of right. The judge incorporated the plaintiff's November 9, 2006, motions into the record as of the date of their filing and denied each motion. His extensive docket sheet entry accepted the plaintiff's claim that he had not received Judge Clarke's June 27, 2006, order until October 27, 2006. Judge Thurston ruled that even if the plaintiff's allegation was true, he was not entitled under section 2—1203 of the Code to have the judgment vacated. In response to the plaintiff's contention in the motion to vacate that his motion for a

substitution of judge had not been ruled upon prior to the order of dismissal, Judge Thurston ruled as follows:

"[T]he record sheet and file indicate that Judge Clarke's 6-27-06 order was filed prior to the 6-27-06 motion to substitute judge and the 8-3-06 order granting said motion. Because the 6-27-06 order was executed and filed prior to receipt of the motion to substitute judge, [plaintiff] Gay is not entitled to [section] 2—1203 relief on that ground."

Judge Thurston did not consider the merits of the defendants' motion to dismiss when he ruled on the motion to vacate. On October 10, 2007, the plaintiff filed a notice of appeal in which he indicated that he was appealing from the court's September 24, 2007, order.

## ANALYSIS

The defendants first argue that we must dismiss the plaintiff's appeal for a lack of jurisdiction. Specifically, they assert that the plaintiff's appeal was untimely filed because the court entered its final order on June 27, 2006, and the plaintiff did not file his notice of appeal until October 10, 2007, more than 15 months after the circuit court had entered a final judgment. Accordingly, we must first address this threshold issue.

The appellate court has jurisdiction over an appeal only where it has been timely filed. *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6, 7 (1998). Supreme Court Rule 303(a)(1) (Ill. S. Ct. R. 303(a)(1) (eff. May 1, 2007)) provides:

"The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, *if a timely posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion ****.*" (Emphasis added.)

Here, the plaintiff's October 10, 2007, notice of appeal specifies that he is appealing from the September 24, 2007, order denying his motion to vacate. Because the plaintiff's notice of appeal was filed within 30 days after the entry of the order disposing of his motion to vacate, the issue is whether the plaintiff's motion to vacate was timely filed. Although the plaintiff characterizes his motion to vacate as being brought pursuant to section 2—1203 of the Code (735 ILCS 5/2—1203 (West 2006)), which requires that the motion be brought within 30 days of the judgment, in his motion to vacate, the plaintiff pointed out that his motion for a substitution of judge as of right had not been ruled upon.

■ "Civil litigants in Illinois are entitled to one substitution of

judge without cause as a matter of right." *Illinois Licensed Beverage Ass'n v. Advanta Leasing Services*, 333 Ill. App. 3d 927, 932 (2002), citing 735 ILCS 5/2—1001(a)(2)(i) (West 2000). "Orders entered after a motion for substitution of judge has been improperly denied are void." *Illinois Licensed Beverage Ass'n*, 333 Ill. App. 3d at 932; see also *In re Austin D.*, 358 Ill. App. 3d 794, 804 (2005), citing *In re Dominique F.*, 145 Ill. 2d 311, 324 (1991); *In re Marriage of Paclik*, 371 Ill. App. 3d 890, 896 (2007). The Illinois Supreme Court has held that void orders may be attacked at any time or in any court, either directly or collaterally. *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill. 2d 304, 309 (1986). "Moreover, 'if the movant mislabels his motion attacking the judgment ***, the courts should be liberal in recognizing the motion as a collateral attack upon a void judgment.' " *Bank of Matteson v. Brown*, 283 Ill. App. 3d 599, 606 (1996), quoting *People v. Reymar Clinic Pharmacy, Inc.*, 246 Ill. App. 3d 835, 841 (1993). Based on these principles, we find that the plaintiff's motion to vacate was timely because, although mislabeled, it was a mislabeled motion to collaterally attack a void judgment. Thus, the plaintiff's motion to vacate was a timely motion directed toward that judgment. Because the plaintiff filed a notice of appeal within 30 days after the entry of the order denying his motion to vacate, we have jurisdiction to consider whether the dismissal order was void.

Before turning to the merits of the issue of whether the order of dismissal is void due to the filing of the motion for a substitution of judge, we recognize that the plaintiff's brief on appeal does not address this issue but, rather, argues the merits of the order of dismissal. Thus, it can be said that the plaintiff has forfeited the issue on appeal due to his failure to comply with Illinois Supreme Court Rule 341(h)(7), which provides, "Points not argued [in the appellant's brief] are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." 210 Ill. 2d R. 341(h)(7). "However, it is established that Rule 341 states an admonition to the parties and not a limitation upon the jurisdiction of a reviewing court, and under Rule 366 [citation] a reviewing court may, in the exercise of its responsibility for a just result, ignore consideration of waiver and decide a case on grounds not properly raised or not raised at all by the parties." *Occidental Chemical Co. v. Agri Profit Systems, Inc.*, 37 Ill. App. 3d 599, 603 (1975), citing *Hux v. Raben*, 38 Ill. 2d 223, 224-25 (1967). In accordance with this principle, we choose to address the issue of the validity of the order of dismissal.

In order to determine whether the circuit court's order dismissing the plaintiff's *mandamus* complaint is valid, we must determine whether the plaintiff's motion for a substitution of judge should have

been granted prior to Judge Clarke's dismissal order. "[W]e review a ruling on a motion to substitute *de novo*, and such review 'should lean toward favoring rather than defeating a substitution of judge.' " *In re Austin D.*, 358 Ill. App. 3d at 799, quoting *Rodisch v. Commacho-Esparza*, 309 Ill. App. 3d 346, 350 (1999). Section 2—1001(a)(2) of the Code provides, in relevant part:

"(a) A substitution of judge in any civil action may be had in the following situations:

\*\*\*

(2) Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).

(i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

(ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case \*\*\*." 735 ILCS 5/2—1001(a)(2)(i), (a)(2)(ii) (West 2002).

"The trial court has no discretion to deny a proper motion for substitution of judge." *In re Austin D.*, 358 Ill. App. 3d at 799. A motion for substitution of judge is timely if filed before the judge has ruled on a substantive issue in the case. *In re Austin D.*, 358 Ill. App. 3d at 800. "The reason for this rule is that it prevents a litigant from 'judge shopping' after forming an opinion that the judge may be unfavorably disposed toward his cause." *In re Austin D.*, 358 Ill. App. 3d at 800. "A ruling on a substantive issue is one that directly relates to the merits of the case." *In re Austin D.*, 358 Ill. App. 3d at 800. "A motion for substitution may also be denied absent a substantive ruling, if the movant had the opportunity to form an opinion as to the judge's reaction to his claims." *In re Austin D.*, 358 Ill. App. 3d at 800.

■ Here, the plaintiff's motion for a substitution of judge was file-stamped on the same date as Judge Clarke's order of dismissal. According to Judge Thurston's ruling on the plaintiff's motion to vacate, the record and file demonstrate that the order of dismissal was entered before the motion for a substitution of judge was filed. However, as stated above, our review of the docket entry sheet shows that the circuit clerk's office had entered the motion for a substitution of judge but then used correction fluid over that entry, placed an entry for the order of dismissal over the entry for the filing of the motion for a substitution of judge, and then placed the entry for the filing of the motion for a substitution of judge below the entry for the order of dismissal. Under these circumstances, and in accordance with the

above-stated principle that our review should lean toward favoring rather than defeating a motion for a substitution of judge as of right, we must find that at the time the plaintiff's motion for a substitution of judge was filed, there had been no ruling on a substantial issue. Accordingly, we find that Judge Clarke's order of dismissal is void and must be vacated. Because the substituted judge, Judge Thurston, did not rule on the merits of the defendants' motion to dismiss when he reviewed the plaintiff's motion to vacate, we remand this cause so that he may so rule.

## CONCLUSION

For the foregoing reasons, the circuit court's September 24, 2007, order denying the plaintiff's motion to vacate is reversed, its June 27, 2006, order dismissing the plaintiff's complaint for *mandamus* is vacated, and this cause is remanded to the circuit court for the substituted judge, Judge Thurston, to consider the merits of the defendants' motion to dismiss.

Order of September 24, 2007, reversed; order of June 27, 2006, vacated; cause remanded with directions.

WEXSTTEN, P.J., and CHAPMAN, J., concur.