NOTICE

Decision filed 12/29/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240575-U

NOS. 5-24-0575, 5-24-0787 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* ESTATE OF TOMMY HARRIS, Deceased | ) | Appeal from the |
| | ) | Circuit Court of |
| (Kelnesha Nelson, | ) | St. Clair County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | Nos. 22-PR-379, 23-LA-1372 |
| | ) | |
| Shemika D. Mitchell, Executrix of the Estate of | ) | |
| Tommy Harris, | ) | Honorable Tameeka L. Purchase and |
| | ) | Honorable Kevin T. Hoerner, |
| Respondent-Appellee). | ) | Judges, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Because the petitioner's motion for substitution of judge as a matter of right met the statutory criteria, the circuit court erred in denying it, requiring all subsequent orders to be vacated and the cause remanded.

¶ 2    The petitioner, Kelnesha Nelson, appeals the April 19, 2024, order of the circuit court of St. Clair County denying her motion for substitution of judge as a matter of right and granting the respondent, Shemika Mitchell as executrix of the estate of Tommy Harris's, motion to dismiss. Kelnesha further appeals the trial court's June 7, 2024, order dismissing her complaint for tortious

1

interference with an inheritance expectancy.[1] In this consolidated appeal, Kelnesha raises four issues. First, in case 22-PR-379, Kelnesha argues that the circuit court erred by denying her motion for substitution of judge as a matter of right. Second, Kelnesha argues that the trial court erred by granting Shemika's motion to dismiss her petition to vacate the will. Third, Kelnesha argues that the trial court erred by ruling that the relation-back doctrine did not apply to her second amended petition to vacate the will. Finally, in case 23-LA-1372, Kelnesha argues that the trial court erred by dismissing her verified complaint for tortious interference with an inheritance expectancy. For the reasons that follow, we reverse the circuit court's April 19, 2024, order denying Kelnesha's motion for substitution of judge, vacate all subsequent orders entered in the case, and remand the cause for further proceedings before a new judge. Further, because the court's June 7, 2024, order was based on an order now vacated, we vacate that order as well.

¶ 3                                   I. BACKGROUND

¶ 4      Tommy Harris died on May 28, 2022. On September 29, 2022, his niece, Shemika Mitchell, filed a petition for probate of will and for letters testamentary along with a proof of death and an affidavit of heirship. The affidavit of heirship listed Kimberly Lawrence Perry-Harris as Tommy's former spouse. It further listed Tommy's siblings, Monica Harris, Michael Harris, and Rickey Harris, as his surviving heirs. On October 11, 2022, the circuit court admitted Tommy's will to probate, declared Monica, Michael, and Rickey as his heirs, and appointed Shemika as his executrix. Tommy's will identified Shemika as the sole beneficiary and was signed by Michael and Monica as witnesses.

---

[1]This appeal was consolidated with 5-24-0787 (Nelson v. Mitchell, *et al*. St. Clair County case No. 23-LA-1372), which originates from Kelnesha's complaint for tortious interference with her inheritance rights.

¶ 5     On November 10, 2022, Kelnesha filed a competing petition for probate of will and for letters testamentary. It was labeled as "Amended Petition for Probate of Will and for Letters Testamentary." She also filed a proof of death, oath of office, and proof of heirship. Kelnesha's proof of heirship stated she was the daughter of Tommy Harris.

¶ 6     On January 23, 2023, Judge Cannady entered an order stating, in part: "Pleadings have recently been filed which require[ ] hearings to be conducted." Judge Cannady also recused himself due to a conflict and the matter was assigned to Judge Tameeka Purchase.

¶ 7     A status hearing was held on April 25, 2023. Judge Purchase entered an order stating:

> "Cause called for status. Kelnesha Nelson fails to appear after filing pleadings in the above matter. Counsel for estate appears in person [and] makes oral motion to strike pleadings by Kelnesha Nelson as repetitive. Motion is granted. Cause set for status on August 29th, 2023 at 10:30 a.m. in courtroom 304."

On May 24, 2023, Kelnesha filed a motion requesting that her pleadings be heard. She claimed that she did not appear at the April 25, 2023, hearing because she did not receive notice. The parties, including Kelnesha, appeared at the August 29, 2023, status hearing. Judge Purchase entered an order noting the parties were present and set the matter for a hearing on Kelnesha's pleadings on October 30, 2023. The parties again appeared on October 30, 2023. Kelnesha made an oral motion to continue which was granted and the case was reset for February 2, 2024.

¶ 8     On December 6, 2023, Kelnesha's attorney filed his entry of appearance and an amended petition contesting the validity of the will. Her petition was titled as "Verified Second Amended Petition of Kelnesha Nelson." Kelnesha's petition alleged she was the daughter of Tommy and that she was born out of wedlock, but Tommy acknowledged his paternity. Attached to the petition was an order admitting paternity dated October 10, 1986. Kelnesha's petition further alleged that the will filed by Shemika was forged and that Tommy died intestate.

¶ 9     On January 5, 2024, Shemika filed a motion to dismiss Kelnesha's amended petition. She argued the court lacked jurisdiction to hear the petition and that it was time-barred because Kelnesha did not file her will contest until more than six months after its admission to probate. Kelnesha filed a response arguing that the relation-back doctrine applied, which made her will contest timely.

¶ 10     On February 2, 2024, Judge Purchase entered an order stating:

> "Cause called. Executor admits Kelnesha Nelson is an heir of decedent in open court but does not admit she is a beneficiary of decedent's will. Cause reset April 19, 2024 at 9:00 a.m. (1/2 day) for all pending motions [and] will contest hearing."

¶ 11     On April 18, 2024, Kelnesha filed a motion for substitution of judge as a matter of right. Kelnesha argued that Judge Purchase had not made any substantive rulings. A hearing was held on April 19, 2024. Following the hearing, Judge Purchase denied Kelnesha's motion for substitution of judge. Further, Judge Purchase granted Shemika's motion to dismiss Kelnesha's amended petition.

¶ 12     On April 19, 2024, Kelnesha filed her timely notice of appeal.

¶ 13     In the consolidated matter, St. Clair County case No. 23-LA-1372, Kelnesha filed a complaint on December 6, 2023, alleging tortious interference with her inheritance rights by Shemika, Monica, and Michael. The matter was assigned to Judge Hoerner. On February 13, 2024, Shemika, Monica, and Michael filed their combined motion to dismiss. Following additional motion practice, on June 10, 2024, Judge Hoerner granted Shemika, Monica, and Michael's motion to dismiss. Judge Hoerner found Kelnesha's tortious interference action was an impermissible collateral attack on the probate proceedings.

4

¶ 14    On June 10, 2024, Kelnesha filed a motion for rehearing. On June 25, 2024, upon rehearing, Judge Hoerner entered an order dismissing Kelnesha's tortious interference complaint for the same reasons found in his June 10, 2024, order.

¶ 15    On June 27, 2024, Kelnesha filed her timely notice of appeal. The matters were consolidated by this court on July 11, 2024.

¶ 16                                II. ANALYSIS

¶ 17    On appeal, Kelnesha argues that (1) the circuit court erred in denying her motion for substitution of judge as a matter of right; (2) the circuit court erred by granting Shemika's motion to dismiss Kelnesha's second amended petition; (3) the circuit court erred by ruling that the relation-back doctrine did not apply to Kelnesha's second amended petition; and (4) the circuit court erred by dismissing her complaint for tortious interference. For the following reasons, we reverse the judgment of the circuit court and remand with directions to vacate all orders entered by the court after April 18, 2024, and for further proceedings consistent with this order.

¶ 18    Kelnesha first argues that the circuit court erred by denying her motion for substitution of judge as a matter of right. In response, Shemika argues that the circuit court properly denied the motion for substitution of judge because the court ruled on substantial issues prior to the filing of the substitution of judge. The issue of whether there has been a ruling on a substantial issue presents a question of law, which we review *de novo*. *Illinois Licensed Beverage Ass'n v. Advanta Leasing Services*, 333 Ill. App. 3d 927, 932 (2002).

¶ 19    Section 2-1001(a)(2) of the Code of Civil Procedure states that a party in a civil matter is entitled to one substitution of judge as a matter of right when he or she timely exercises the right, the motion is made before trial or hearing begins, and before "the judge to whom it is presented has ruled on any substantial issue in the case." 735 ILCS 5/2-1001(a)(2) (West 2022). "The right

5

to substitution of judge is absolute when properly made, and the circuit court has no discretion to deny the motion." *Cincinnati Insurance Co. v. Chapman*, 2012 IL App (1st) 111792, ¶ 23. As such, when the conditions are met, the court has no discretion to deny the substitution unless it is shown that the motion was made simply to delay or avoid trial. *Illinois Licensed Beverage Ass'n*, 333 Ill. App. 3d at 932. "Orders entered after a motion for substitution of judge has been improperly denied are void." *Id.* Section 2-1001 is liberally construed, and where its conditions are met, the trial court has no discretion to deny the motion unless the motion was made simply to delay or avoid trial. *Aussieker v. City of Bloomington*, 355 Ill. App. 3d 498, 500 (2005).

¶ 20    In the April 19, 2024, order denying Kelnesha's motion for substitution, Judge Purchase held: "after argument on the record in open court, said motion is denied." At the hearing, Judge Purchase concluded:

> "The court having [heard] arguments regarding the motion for substitution of judge pursuant to 735 ILCS 5/2-1001(a)(2) I—I'm going to deny the motion for substitution of judge. I do believe these orders as laid out by both parties are substantial rulings or substantive rulings and therefore I do not allow for a substitution as a matter of right."

¶ 21    Kelnesha argues at the time she filed her motion for substitution of judge, Judge Purchase had not made any substantive rulings. Shemika contends that Judge Purchase made substantive rulings on October 11, 2022, when she entered orders admitting the will to probate, finding heirship, and appointing Shemika as the executor.

¶ 22    "Examples of 'rulings on substantial issues' include situations in which the trial court has ruled on a motion to dismiss, made pretrial rulings of law, or where the party moving for a substitution of judge has discussed issues with the trial judge, who then indicates a position on a particular point." *Colagrossi v. Royal Bank of Scotland*, 2016 IL App (1st) 142216, ¶ 30 (citing *Partipilo v. Partipilo*, 331 Ill. App. 3d 394, 398 (2002)). On the other hand, an order which sets a

briefing schedule or a hearing date is not directly related to the merits of the case, so it is not a substantial ruling. *In re Marriage of Crecos*, 2015 IL App (1st) 132756, ¶ 26.

¶ 23    In the case at hand, on October 11, 2022, while the probate matter was assigned to Judge Cannady, the court entered orders admitting the will into probate, establishing heirship, and appointing Shemika as executor.[2] Kelnesha did not file her competing petition for probate of will until November 10, 2022. This was recognized as her "appearance" in the matter. Following Kelnesha's entry, Judge Cannady recused himself and the matter was assigned to Judge Purchase. At a status hearing held on April 25, 2023, in which Kelnesha did not appear, Shemika made an oral motion to strike Kelnesha's pleadings as repetitive, which was granted. Kelnesha filed a motion arguing she did not appear at that hearing because she did not receive notice. Judge Purchase then reset Kelnesha's pleadings for hearing. The matter was set for October 30, 2023, and on that date, Kelnesha moved to continue which was granted. Kelnesha then retained counsel who filed her "second amended petition." Shemika filed her motion to dismiss. On February 2, 2024, following a hearing, the court entered an order stating, "Executor admits Kelnesha Nelson is an heir of decedent in open court but does not admit she is a beneficiary of decedent's will. Cause reset April 19, 2024." Kelnesha then filed her motion for substitution of judge on April 18, 2024.

¶ 24    Kelnesha argues that at the time of her motion for substitution, Judge Purchase had not made any substantive rulings. We agree. As to the orders entered October 11, 2022, before Kelnesha's appearance, section 2-1001(a)(2)(iii) clearly states:

> "If any party has not entered an appearance in the case and has not been found in default, rulings in the case by the judge on any substantial issue before the party's appearance shall

[2]For reasons unknown, these orders were signed by Judge Purchase although the record on appeal reflects she was not assigned the case until January 23, 2023.

not be grounds for denying an otherwise timely application for substitution of judge as of right by the party." 735 ILCS 5/2-1001(a)(2)(iii) (West 2022).

As such, we find any order entered before Kelnesha's involvement in the matter did not bar her ability to seek a substitution of judge as a matter of right.

¶ 25    With respect to the actions taken following Kelnesha's appearance but before her filing for a substitution of judge, we agree with her that those rulings were also not substantive. Following her appearance, Judge Cannady recused himself for a conflict and the matter was assigned to Judge Purchase. The circuit court held a status hearing on April 25, 2023, in which Kelnesha's pleadings were stricken as repetitive. Kelnesha argued she did not receive proper notice of that hearing. Judge Purchase then "reset" the issue for hearing. Additional motion practice was conducted including the filing of pleadings by both parties. On February 2, 2024, the court entered its order reflecting that Shemika admitted Kelnesha is an heir but did not admit she is a beneficiary under the will. Shemika's motion to dismiss was not actually heard until April 19, 2024, one day *after* Kelnesha filed her motion for substitution of judge as a matter of right. As such, Kelnesha's motion for substitution of judge as a matter of right was timely and the circuit court had no discretion to deny it. *Beahringer v. Hardee's Food Systems, Inc.*, 282 Ill. App. 3d 600 (1996) (if a petition for substitution of judge is filed before the judge has made any substantive rulings in the case, the court has no discretion to deny such a request unless it can be established that the motion was made to delay or avoid trial). Accordingly, Kelnesha's motion, having been made timely and in compliance with the statute, should not have been denied. The circuit court erred in refusing to grant the motion.

¶ 26    Kelnesha further argues on appeal that the circuit court erred, in 22-PR-379, by granting Shemika's motion to dismiss and by failing to apply the relation-back doctrine to her second amended petition. Kelnesha also contends that the circuit court erred by dismissing her complaint

8

for tortious interference in case No. 23-LA-1372. "[W]hen a trial court improperly denies a motion for substitution of judge as of right, *** any order entered after its presentation is a nullity." (Internal quotation marks omitted.) *Palos Community Hospital v. Humana Insurance Co.*, 2021 IL 126008, ¶ 34. Because these orders were entered after the improper denial of Kelnesha's motion for substitution of judge as a matter of right, we find that every order entered by the circuit court after April 18, 2024, when Kelnesha filed her motion for substitution, must be vacated. Since we find the denial of Kelnesha's substitution of judge as a matter of right was improper in 22-PR-379, we need not address her other claims of error. Further, since the dismissal of Kelnesha's complaint for tortious interference was based upon an order now void, the dismissal of the tortious interference claim cannot stand. For this reason, we vacate the order dismissing Kelnesha's complaint in 23-LA-1372.

¶ 27                                    III. CONCLUSION

¶ 28    For the aforementioned reasons, we hold that the circuit court erred in denying Kelnesha's motion for substitution of judge as of right because the motion satisfied the statutory criteria. Accordingly, this action is remanded to the circuit court with directions to vacate all orders entered by the court after April 18, 2024, and for further proceedings consistent with this order.

¶ 29    Reversed and remanded with directions.